# Staunton.

## STEVENSON v. W. M. RITTER LUMBER CO.

### September 10, 1908.

Absent, Keith, P., and Buchanan, J.

1. WRONGFUL DEATH OF INFANT—*Loss of Services After Death—Right of Action—Effect of Sec. 2902 of Code.*—A father could not at common law recover for the loss of the services of his minor son between the time of his death and the time when he would have attained his majority, and this established rule has not been abrogated nor even modified by the statute. (Code, sec. 2902). The statute does not change the right of the parent, as such, in any manner whatever. The only effect of this statute is to change the rule of the common law which denied a right of action to the heirs, distributees or personal representatives of a deceased person for damages for his wrongful death, and to permit a revival in the name of his personal representative after his death, of an action instituted by him in his lifetime for a personal injury wrongfully inflicted on him.

2. WRONGFUL DEATH OF INFANT—*Loss of Services Between Injury and Death—Expenses—Effect of Statute.*—The common law right of a personal representative or parent to recover for losses between the time of injury and the resulting death of a minor, including medical expenses and losses occasioned by his inability to attend to business during that time, is not affected by the statute (Code, sec. 2902) giving to the personal representative of a decedent a right of action for his death occasioned by the wrongful act or neglect of another.

3. PLEADINGS — *Construed Against Pleader — Case at Bar — Wrongful Death of Infant.*—Under the familiar rule that all pleadings are to be construed most strongly against the pleader, the declaration in this case does not state a case for recovery by a father for the loss of the services of his infant son between the dates of his injury and death, as no appreciable time between these two dates is stated, but for the loss of such services between the date of the injury and the time when he would have attained his majority.

Error to a judgment of the Circuit Court of Tazewell county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Wm. H. Werth,* for the plaintiff in error.

*Greever & Gillespie* and *M. O. Litz,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This action is to recover damages resulting from the death of the plaintiff's minor son, alleging that he was a minor at the time, and that that fact was known to the defendant corporation; that the son was employed by the defendant without the plaintiff's consent; that contrary to its duty the defendant required or permitted the son to engage in a business "dangerous for one of his years and experience," viz., "to engage in hauling heavy logs from the woods to the defendant's mill, which logs were hoisted upon a tram road by means of hoisting machines, derricks, &c., from a steep incline; that shortly after the defendant put the plaintiff's son to work at the business aforesaid, as was to be expected," the said son was caught by a log and was so crushed and mangled that he died of his injuries; whereupon, the plaintiff says "that, by reason of the premises, he hath been permanently deprived of the services of his said son and servant, which he otherwise would have had and enjoyed for the next five years, and damaged thereby," etc.

To the declaration the defendant demurred, stating its grounds of demurrer relied on to be as follows: "The declaration seeks to recover damages for loss of services of plaintiff's son from the time of the injury of the said son up to the time he would have attained his majority, while the plaintiff is only

entitled, if he is entitled to anything at all, to recover for loss of services from the date of the said injury up to the time of the death of the said son, and the length of this time is a material allegation in order to recover therefor, and the declaration does not make such allegation."

The demurrer was sustained and the cause dismissed; and to that judgment this writ of error was awarded.

The petition for the writ of error states, that "the real bone of contention" in this case is the father's right to recover, by reason of the wrongful death of his son, for loss of his services between the time of his death and the time when he would have attained his majority.

At common law, no action could be maintained for the death of a human being—whether it be the husband or the father suing for loss of the services of wife or child, a master suing for loss of his servant, or a personal representative suing in the right of the decedent; the death for technical reasons being regarded as cutting off the right of action, according to the maxim, *"actio personalis moritur cum persona."* Lile's Notes to Minor's Inst., vol. 1, p. 246; Shear. & Red. on Neg., sec. 124; *Carey* v. *Berkshire R. Co.,* 1 Cush. (Mass.) 475, 48 Am. Dec. 616, and note where the authorities are collated.

The opinion of the court in *Insurance Co.* v. *Brame,* 95 U. S., at p. 756, 24 L. Ed. 580, says: "The authorities are so numerous and so uniform to the proposition, that by the common law no civil action lies for an injury which results in death, that it is impossible to speak of it as a proposition open to question. It has been decided in many cases in the English courts and many of the State courts, and no deliberate, well-considered decision to the contrary is to be found. In Hilliard on Torts, p. 87, sec. 10, the rule is thus laid down: 'Upon a similar ground it has been held that in common law the death of a human being, though clearly involving pecuniary loss, is not the ground of an action for damages.' The most of the common cases upon the subject are there referred to."

At common law the parent's right to recover for loss of the services of his child is, by legal fiction, predicated upon the relation of master and servant; but, as said in the opinion of the court in *Edgar* v. *Castello,* 14 S. C. 20, 37 Am. Rep. 719, in discussing the reasons for the doctrine that there can be no recovery for loss of services after the death of the servant, "not so much because the civil remedy is merged in the felony, as because by the death of the servant the master's right to his services is instantly abrogated, and in the eye of the law no damage is sustained by him, because no right is infringed. The justice of this rule may not be apparent, but the law will not deal with mere speculations and uncertainties. It will not determine, nor attempt to determine, the measure of human life, except for the happening of an event which has destroyed it, nor presume that the capacity to serve would have continued if the injury had not been inflicted. It stops at the outer limit of the master's rights under his contract, and as when the servant's death intervenes the master's right to his services are ended, so in like manner are all his remedies for injuries arising under the contract, except such as accrued prior to his death."

In a note to *Carey* v. *Berkshire R. Co., supra,* at p. 632, it it said: "It is settled, as laid down in the principal case, notwithstanding the vigorous dissent of some eminent judges, that at the common law no action will lie for damages caused by the death of a human being, by the wrongful or negligent act of another, however close may be the relation between the deceased and the plaintiff, and however grievous the loss." And at page 633 it is said: "Not only is there, without the aid of a statute, no civil remedy for the death itself, but no action will lie for loss of services, etc., caused by the death, as is abundantly shown in the cases above cited. Where a child is disabled for a few days by the wrongful act or negligence of the defendant, the father may recover for the loss of services; but if the child

is killed by the injury, and the father is forever deprived of his services, he has no remedy. Various reasons have been suggested for this utterly unreasonable rule. * * * The preponderance of authority, however, is too strong to be overborne by reason, and the rule laid down in the principal case must be admitted to be firmly established in the common law courts, except so far as it has been abrogated by legislation."

Very many more authorities in point might, if deemed necessary, be cited to show that it is too well settled to admit of further discussion that plaintiff in error cannot maintain this action to recover for the loss of the services of his son between the time of his death and the time when he would have attained his majority. In fact, it is conceded in the argument of the case, that the great weight of authority is against the contention that plaintiff in error can maintain this action, and the effort being made is to show that the authorities are wrong or do not apply, and section 2902 of the Code is cited in support of this latter view.

That statute, modeled after the English statute known as "Lord Campbell's Act," creates a right of action where none existed before, and cannot be construed as giving the parent any right he did not have before, since this new right of action is given solely to the personal representative of the deceased person whose death was caused by the wrongful act, neglect or default of any person or corporation, etc. The argument that "the terms of the statute limiting the administrator's right of recovery to what his intestate could have recovered had death not ensued, necessarily declare and protect the parent's right to his deceased minor's services until majority, notwithstanding his death and the right given to his administrator to recover for his death," is more ingenuous than sound. The statute does not change the parent's right in any manner whatsoever, and that he could not at common law recover for the loss of the services of his child after the death of the child we have already determined.

"An action for loss of services of a son from the date of his death by wrongful act until he would have attained his majority is in effect one to recover for the death of the son, and cannot be maintained by the father, since the right of the father to a son's services ceases at the latter's death." *Harris* v. *Kentucky L. Co.,* 19 Ky. Law Rep. 1731, 47 S. W. 94; Cent. Dig. 1902 A, "Death," 1365, sec. 20.

It is further contended for plaintiff in error, that if a minor be hired to leave his father without the latter's consent (perhaps against his will), and is killed by such negligence as will make the employer liable to his administrator, the minor being 16 years old, it is clear that such administrator could not recover for five years of that minor's time, for the reason that not only is it settled by the authorities that the administrator of the minor cannot recover for the loss of services between the death of the minor and the date at which he would have attained his majority; but by the language of the statute—sec. 2902 of the Code, *supra*—the administrator is given such right of recovery "as would (if death had not ensued) have entitled *the party injured* to maintain an action * * * and to recover damages in respect thereof," therefore, the statute leaves the right to recover for loss of services of the minor where it had always been, *in the parent.*

Concede that the statute admits of this construction, still, as we have already shown, the great weight of authority is that the parent could not at common law maintain an action for loss of services of the minor after the death of the latter, and this established rule was not abrogated or even modified by the enactment of the statute. The only effect of the statute is to change the rule of the common law, that, in pursuance of the maxim *actio personalis moritur cum persona,* no right of action existed in favor of the heirs, distributees, or personal representatives of a deceased person, for damages for his wrongful death. The right of action which the injured person had abated with his death and did not survive; and no right of action

existed in favor of those surviving him, because the civil act merged in the criminal act; the single change in the common law rule wrought by the statute being that the right of action is given by it solely to the personal representative of the deceased, for the benefit of the wife, husband, parent or child of the deceased.    8 Am. & Eng. Enc. L., pp. 854, 857-8.

The statute, however, does not affect the right of action for damages existing at common law in favor of a personal representative or a parent, to recover for losses between the time of an injury and the resulting death of the person injured; nor, as it would seem clear from the authorities, the right of the personal representative of a person dying as a result of an injury caused by a breach of a contractual duty on the part of the person, or corporation, inflicting the injury, to recover in an action for breach of contract, the damages to the deceased's personal estate arising in his lifetime from medical expenses and loss occasioned by his inability to attend to business; nor the right of a parent to recover in a proper case made for loss of the services of his minor child to the date of the child's death by wrongful act.    The remaining question, therefore, in this case is, Does the declaration state a cause of action at all?

Clearly, unless the declaration is good as an action to recover for the loss of the services of plaintiff in error's minor son, resulting from the wrongful hiring, between the time of the hiring and the injury, or for loss of services for the time between the injury and death, or both, there was no error in the ruling of the circuit court, sustaining the demurrer of defendant in error and dismissing the case.

The declaration contains, practically, but one count, and does not allege that the hiring of the son was against the will of the father, in wrongful violation of his prohibition, but simply says it was "unlawful and without consent" of the father; nor does it say that the father did not acquiesce in the employment after the act of hiring, which is a necessary allegation, since every hiring of a minor is not a wrongful act.    1 Min. Inst., p. 430;

*Toledo, St. L. & K. C. R. Co.* v. *Trimble,* 8 Ind. App. 333, 35 N. E. 716. Nor does the declaration state that the defendant in error did not pay the plaintiff in error for the services rendered by his son, and no recovery is asked on that account.

Under the familiar rule that all pleadings are to be most strongly construed against the pleader, the declaration here cannot escape the construction, that the intention of the pleader was to seek to recover only for the loss of services from the time of his son's death to the time the son would have become twenty-one years of age; the language of the declaration being: "And the said plaintiff says, that shortly after the said defendant put the said George Everett (the son) to work at the business aforesaid, as was to be expected, the said George Everett was caught by a log and was so crushed and mangled that he died of his injuries. And the said plaintiff says, that by reason of the premises he hath been permanently deprived of the services of his said son and servant, which he otherwise would have had and enjoyed for the next five years, and damaged thereby in the sum of $2,500."

Plainly, the five years meant are the five years following the death of the son, and the inference and the only inference to be drawn from the language of the declaration is that the death occurred immediately after the injury; and while it is conceded that the father had a right to recover for the loss of the services of the son between the injury and death, no appreciable time between the two events is stated, the declaration proceeding throughout upon the theory that the father is entitled to recover for loss of services up to the time when the son would have become twenty-one years of age, because of some act on the part of the defendant in error, viz., the wrongful death alleged. The language of the declaration with respect to the alleged "wrongful hiring" of the son and putting him at a dangerous employment, thus causing the father the loss of his services, is to be construed as by way of inducement, or merely matter of aggravation, and not as the gravamen or gist of the action.

We are of opinion that the declaration fails to state a cause of action upon which plaintiff in error is entitled to recover and that there is no error in the judgment of the circuit court complained of. Therefore it is affirmed.

*Affirmed.*