WILLIAM A. LEE, Appellee, *vs.* THE REPUBLIC IRON AND STEEL COMPANY, Appellant.

*Opinion filed October 26, 1909.*

1. LIMITATIONS—*statute is no defense to amended declaration if original declaration stated cause of action.* If the original declaration in a personal injury case fails to state any cause of action, an amended declaration, filed after the statutory period of limitation has run, is open to a plea of the Statute of Limitations; but if the original declaration states a cause of action but states it defectively, an amended declaration re-stating the same cause of action with more particularity is not subject to such defense.

2. NEGLIGENCE—*what is the cause of action in a personal injury case.* The cause of action in a suit for damages arising from negligence is the act done or omitted to be done by the defendant affecting the plaintiff which causes a grievance for which the law gives a remedy.

3. PLEADING—*when amendments do not state new cause of action.* Where the counts of the original declaration charge a failure of the defendant to furnish the plaintiff a safe place to work or a safe appliance to work with, or with negligently ordering him to do work in an unsafe manner, amended counts charging the same acts or omissions but alleging the facts with more particularity do not state a different cause of action.

4. SAME—*when changing averments as to facts does not make new case.* Amendments eliminating from one count in the declaration an averment that the plaintiff knew of the defective condition of the belt he was handling but continued to work in reliance upon defendant's promise to repair, and inserting in other counts

the averments that the dangerous condition of the belt and the danger attending the manner in which plaintiff was ordered to do the work were known to the defendant but not to the plaintiff, do not state a new cause of action.

5. MASTER AND SERVANT—*when question of assumed risk is for the jury.* Whether a servant assumed the risk of injury is a question for the jury, where the declaration avers with particularity that he was acting under orders of his foreman in standing on an angle-bar while attempting to repair a belt and that he did not know of a certain defective condition of the belt, which the evidence tends to show was, in fact, unknown to him, and was, taken in connection with the place where he was standing, the cause of his injury.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. EMERY C. GRAVES, Judge, presiding.

This was an action on the case commenced by William A. Lee, the appellee, against the Republic Iron and Steel Company, the appellant, in the circuit court of Rock Island county, to recover damages for a personal injury alleged to have been sustained by the appellee while he was in the employ of the appellant, in consequence of the negligence of the appellant. A trial resulted in a judgment in favor of the appellee for $10,000, which judgment was affirmed by the Appellate Court for the Second District. (126 Ill. App. 297.) The judgment, however, on a further appeal to this court was reversed (227 Ill. 246,) and the cause was remanded to the circuit court for a new trial. On the case being re-docketed a second trial was had, which resulted in a judgment for $11,083, which judgment was affirmed by the Appellate Court for the Second District for the sum of $8083, after a *remittitur* of $3000 had been required by that court, and a second appeal has been prosecuted to this court.

The original declaration contained three counts. The substance of each count of that declaration and a statement

of the facts surrounding the appellee at the time he was injured will be found in the opinion of this court filed when the case was first here, and it will not be necessary to re-state in this opinion the allegations of the original declaration or the facts established .by the evidence on the last trial, which are substantially the same as the facts proven on the first trial.

When the case was here before it was held the appellee assumed the risk of being injured arising from the defects which form the basis for the charges of negligence contained in the first and second counts of the original declaration, and that there was a fatal variance between the proof and the allegations of the third count of that declaration, in this: that in that count the appellee averred he had knowledge of the existence of the dangerous condition of the staples and tacks in the end of the belt which he was handling at the time he was injured and relied upon the promise of appellant to repair said belt, while the evidence in that trial, as well as the evidence in this trial, showed that he did not have such knowledge and did not rely upon a promise to repair. After the case was re-docketed in the circuit court the appellee amended each count of the original declaration and filed a new count, which is designated in the briefs as the fourth count of the declaration. The first count was amended by inserting therein an averment that the appellee was commanded by his foreman to stand upon the angle-bar while handling the end of the belt which was being repaired, and that the appellant did not furnish him a reasonably safe place in which to work, and that the appellant negligently suffered the end of said belt which appellee was handling to become out of repair and in a dangerous condition by reason of certain staples and tacks which had been used in repairing the same, which conditions were known to the appellant but which were unknown to the appellee. The second count was amended by inserting therein an allegation that the foreman of appellee gave him a neg-

ligent order concerning the manner of repairing said belt while it was suspended from said shaft while in motion, of which danger the appellee did not have notice while the appellant did; and the third count was amended by eliminating therefrom the allegation that the appellee had notice of the dangerous condition of the staples and tacks in the end of the belt which he was handling, which made it dangerous to handle, and that he relied upon a promise to repair; and the fourth, or new, count of the declaration was substantially the same as the third count after it had been amended.

RICHARD JONES, JR., and PEEK & DEITZ, for appellant:

The Statute of Limitations may be successfully pleaded to an amended declaration filed after the statute has run and setting up a new and different cause of action from that contained in the original declaration, otherwise the protection intended to be given by the statute would be substantially broken down. *Railway Co.* v. *Cobb, Christy & Co.* 64 Ill. 128; *Eylenfeldt* v. *Steel Co.* 165 id. 185; *Phelps* v. *Railway Co.* 94 id. 548; *Gaylord* v. *Swift,* 229 id. 330.

A "cause of action," as used in pleadings, is every fact which it is necessary to establish in order to entitle the plaintiff to succeed,—every fact which the defendant would have a right to traverse, and which, if successfully traversed by him, would defeat the action. It comprises every fact which, if traversed, the plaintiff must prove in order to obtain a judgment, and consists of all facts essential to show (1) that the plaintiff had and was in the right; (2) a correlative duty or obligation resting on the defendant; and (3) some act or omission by the defendant in violation of that duty and resulting in an injury to that right. *Reed* v. *Brown,* 22 Q. B. Div. 128; 1 Cyc. 641, and cases cited; *Oliver* v. *Columbia N. & R. L. Co.* 55 S. C. 541; *Bucklin* v. *Ford,* 5 Barb. 393; *Meyers* v. *VonCollen,* 28 id.

230; *Douglas* v. *Forrest,* 4 Bing. 704; *Railroad Co.* v. *Schroeder,* 44 Pac. Rep. 1096.

Where, in a declaration, any fact (whether tending to show the right, the duty, the breach of duty or the injury,) essential to the recovery is omitted, such declaration does not state a cause of action; and a subsequent amended declaration in which the omission is supplied is, by force of the logic involved, held to state a different cause of action and to be amenable to a plea of the Statute of Limitations. *Foster* v. *St. Luke's Hospital,* 191 Ill. 95; *Doyle* v. *Sycamore,* 193 id. 501; *Eylenfeldt* v. *Steel Co.* 165 id. 185.

The recognized tests of whether an amended declaration states a new cause of action from that set up in the original declaration, so as to be amenable to a plea of the Statute of Limitations, are: (1) Whether the same evidence is admissible under both; (2) whether the evidence in defense as to the one could be relied upon as a defense to the other; and (3) whether the former avers any material fact not contained in the latter, the successful traverse of which fact would defeat the action. The amended declaration in this case therefore stated a new cause of action. *Railway Co.* v. *Leach,* 182 Ill. 359; *Railroad Co.* v. *Blymer,* 214 id. 579; *Gaylord* v. *Swift,* 229 id. 330.

It was essential to appellee's case that he aver and prove either that he did not know of the defect which caused the injury and was not chargeable with knowledge of it, or that he knew of it and that circumstances were such that he had not assumed the risk. *Steel Co.* v. *Lee,* 227 Ill. 246; *Sargent Co.* v. *Baublis,* 215 id. 428.

Appellee assumed the risk of the injury from the entire negligence of the appellant charged in both declarations, except upon his proof of the additional averments contained in the amended declaration, alone, that he did not know of the existence of the staples in the belt. *Sargent Co.* v. *Baublis,* 215 Ill. 428; *Steel Co.* v. *Lee,* 227 id. 246.

W. R. MOORE, for appellee:

When the amendment in an additional count is introduced merely to re-state in a different form the same cause of action mentioned in the declaration as originally drawn, and not to present a new and different cause of action, a plea of the Statute of Limitations to such new count is not proper. *Rolling Mill Co.* v. *Monka,* 107 Ill. 340.

Where the original declaration avers that plaintiff received his injury by reason of his master's failure to keep the machinery in repair, the unsafe condition of which was unknown to plaintiff, an additional count averring that upon notification by plaintiff of the defect the master promised to repair the same does not set up a new cause of action. *Swift & Co.* v. *Madden,* 165 Ill. 41.

The Statute of Limitations, requiring a suit for personal injury to be brought within two years, does not apply to matters of mere pleading, and should not be given that effect indirectly by holding that an imperfect statement of a cause of action is no statement of it at all. *Railway Co.* v. *Hackendahl,* 188 Ill. 300.

A cause of action for the death of a servant is the act or thing omitted to be done by the master which confers the right upon the servant's representative to sue, or the act which causes a grievance for which the law affords a remedy. *Swift & Co.* v. *Gaylord,* 229 Ill. 330.

The duty of the master to provide a reasonably safe place for the servant to work is a positive one, and his non-compliance therewith is not one of the ordinary risks assumed by the servant. *Armour* v. *Golkowska,* 202 Ill. 144.

A master cannot delegate to another the duty of furnishing his servant a safe place to work, so as to relieve himself from liability for the negligence of such duty. *Coal Co.* v. *Rowatt,* 196 Ill. 156.

A servant does not assume risks which are not ordinarily connected with the service, and which are due to a

failure of the master to exercise reasonable care and prudence. *Railroad Co.* v. *Kneirim,* 152 Ill. 458; *Coal Co.* v. *Clark,* 197 id. 514.

Where an injury to a servant was caused by the wrongful and negligent order of his master, the servant himself being without fault, there is no room for the application of the doctrine of assumed risk. *Wells & French Co.* v. *Kapaczynski,* 218 Ill. 149.

Mr. JUSTICE HAND delivered the opinion of the court:

The first contention of the appellant is, that the evidence introduced on behalf of the appellee did not tend to support the cause of action set forth in his amended declaration, and for that reason the court erred in declining to take the case from the jury, upon its motion, at the close of all the evidence. The evidence found in this record is substantially the same as that found in the record when the case was here before, and we think required that the case be submitted to the jury.

It is next contended that the amended declaration stated a new cause of action, and that the court erred in sustaining a demurrer to the pleas of the Statute of Limitations filed thereto by the appellant. Especially is such contention insisted upon as to the pleas of the Statute of Limitations filed to the third count of the declaration. If the original declaration failed to state a cause of action the demurrer should have been overruled to the pleas of the Statute of Limitations. If, however, it stated a cause of action, though defectively, the defects therein could be cured by an amendment, and the court did not err in sustaining a demurrer to said pleas. In *Swift & Co.* v. *Madden,* 165 Ill. 41, it was held that the cause of action in suits for damages arising from negligence is the act done or omitted to be done by the defendant, affecting the plaintiff, which causes a grievance for which the law gives a remedy. And in *Swift Co.* v. *Gaylord,* 229 Ill. 330, on page 334, it was said: "In

cases of this kind the cause of action is the act or thing done or omitted to be done by one which confers the right upon another to sue,—in other words, the act or wrong of the defendant towards the plaintiff which causes a grievance for which the law gives a remedy."

Each of the counts in this declaration rests upon the alleged failure of the appellant to furnish the appellee a safe place in which to work or a safe appliance with which to work, or with negligently ordering him to do the work in which he was engaged, in an unsafe manner. Each count of the original declaration rested upon a failure of the appellant in like particulars, although the facts averred in that declaration were not averred with the same particularity that they were in the declaration upon which the last trial was had. We think, from a comparison of the counts in the original declaration and in the present declaration, that the cause of action set out in the declaration upon which this case was tried was the same cause of action set up in the original declaration.

It is next contended that the appellee assumed the risk of being injured in the manner in which he was injured, and that he cannot, for that reason, recover. The declaration upon which this trial was had averred with particularity that the appellee was acting under the orders of his foreman in going upon the angle-bar, and that he was not advised as to the dangerous condition of the end of the belt which he was assisting in repairing at the time that he was injured, and which defective condition the evidence tends to show was the cause of his injury, taken in connection with the place in which he stood at the time he was injured. The question of assumed risk is usually a question of fact and not a question of law, and we think it cannot be held, in view of the evidence in this case, that the appellee assumed the risk of being injured in the manner in which he was injured, but that the court properly submitted the question of assumed risk to the jury.

It is finally objected that the court improperly admitted in evidence the testimony of the witnesses Pickup and Witte as to the proper manner in which the belt should have been repaired, the end of which appellee was handling at the time he was injured. Those witnesses appeared to have been experienced workmen and familiar with the method of doing the kind of work about which they testified, and the appellant called a number of witnesses, in rebuttal, upon the same question, and the jury appear to have been fully informed upon the subject. In any event, we do not think the cause should be reversed by reason of the admission of the testimony complained of.

We have examined this case with care and have discovered no reversible error in the record. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*