## Charles Gassmann, Plaintiff in Error, v. John Hetzel, Defendant in Error.

### Gen. No. 17,569.

1. LIMITATIONS—*statement of a new cause of action.* Where the original declaration in one count charged that while plaintiff had his hand under a screw of a sausage machine defendant's foreman negligently started the machinery, thus causing the injury, and in a second count, filed after the period of limitations, the negligence charged was in starting the machine while plaintiff was in the position as stated in the first count, alleging as the cause of starting that defendant had permitted machine to be operated while the forks of the belt shifter were out of repair, a new cause of action is not stated and the statute of limitations is no defense.

2. LIMITATIONS—*statement of new cause of action.* Where the original declaration in one count charged that while plaintiff had his hand under a screw of a sausage machine defendant's foreman negligently started the machinery, thus causing the injury, and in the second count, filed after the period of limitations, the negligence charged was that a negligent order was given by the foreman of the defendant to the plaintiff, a new cause of action is stated to which the statute of limitations is a good defense.

Action in case for personal injuries. Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed December 3, 1912.

R. WILSON MORE and FRED B. HOVEY, for plaintiff in error.

LACKNER, BUTZ & MILLER, for defendant in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

The writ of error in this case brings up for review a judgment entered in the Circuit Court of Cook county in favor of the defendant in error upon a verdict directed by the court.

The plaintiff was injured in the sausage factory of

the defendant. The original declaration, which was in one count, filed May 6, 1904, charged that while the plaintiff had his hand under the worm or screw of a sausage machine, the defendant's foreman negligently and carelessly started the machinery, thus causing the injury. On October 26, 1909, after a partial hearing of the case before a jury, on motion of the plaintiff the jury was discharged and the plaintiff allowed to amend his declaration. Thereupon three additional counts were filed. To the first of these a demurrer was sustained, and that count is not before us for consideration. In the second additional count the negligence charged was in starting the machine while the plaintiff was in the position as stated in the first count, the cause of the starting being alleged to be that the defendant had permitted the machine to be operated while the forks of the belt shifter were out of repair, and this condition of affairs was known to the defendant but not to the plaintiff. The third additional count charges that a negligent order was given by the foreman to the plaintiff. To these two additional counts the defendant pleaded the general issue and the statute of limitations. On March 15, 1910, a demurrer theretofore filed by the plaintiff to the plea of the statute of limitations was sustained. Thereafter, on October 3, 1910, the second trial was begun. At the opening of the case the defendant moved the court to set aside the order sustaining the demurrer of the plaintiff to the defendant's plea of the statute of limitations to the second and third additional counts and that the demurrer be overruled. After the testimony had been taken an order was entered as prayed and the case was submitted to the jury upon the original declaration only. Thereafter the jury was discharged because of their inability to agree upon a verdict. Four days later by consent of the parties the case was reopened, the jury recalled and the court instructed the jury to find a verdict of not guilty, which was done and judgment entered.

The first question argued in the case is as to whether or not the second and third additional counts to the declaration stated a new cause of action. In our opinion the second additional count does not set out a new cause of action, because it is predicated upon the same negligence as the original declaration, that is, the negligent starting of the machine (Lee v. Republic Iron & Steel Co., 241 Ill. 372, and cases cited), and proceeds to allege that this was at a time when the forks and guides were out of repair and in such condition as to permit the belts to shift from the loose to the tight pulley. The third additional count, on the other hand, presents a new and different cause of action, namely, in charging that a negligent order was given by the foreman of the defendant to plaintiff; and therefore the plea of the statute of limitations was an answer, and as to that count was not demurrable. Counsel for the parties agree that if the case of Swift & Co. v. Foster, 163 Ill. 50, is the law, the third count of the declaration should also be allowed to stand. This decision, however, was rendered by a divided court, and seems to have been disregarded, if not disaffirmed in many cases. Chicago & A. R. Co. v. Scanlan, 170 Ill. 106; Illinois Cent. R. Co. v. Campbell, 170 Ill. 163; Chicago City R. Co. v. Leach, 182 Ill. 359; Wabash R. Co. v. Bhymer, 214 Ill. 579; Gillmore v. City of Chicago, 224 Ill. 490.

As to the second contention of the defendant, namely, that no cause of action was made by the plaintiff upon any one of the counts of the declaration, it is sufficient to say that we have carefully examined the record, and are of the opinion that the case should have been submitted to the jury under proper instructions.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*