# CHARLESTON.

### STATE *ex rel.* MAYNARD v. C. E. JARRETT, J. P.

Submitted January 25, 1922.    Decided February 7, 1922.

1. JUSTICES OF THE PEACE—*Term "Cause of Action" of which Justice Has Jurisdiction Defined.*

   Under section 16, chapter 50, Code, providing that "The civil jurisdiction of a justice shall not extend to any action unless the cause of action arose in his county, or the defendant, or one of the defendants, reside therein," the term "cause of action" means the act or omission constituting the violation of duty complained of. (p. 182).

2. SAME—*Cause of Action for Failure to Pay Money Arises Where Debt First Due.*

   A cause of action for failure to pay money arises at the time and place where the debt first becomes due and payable. (p. 184).

3. SAME—*Venue in Action for Recovery of Money Stated.*

   Though generally speaking, it is the duty of the debtor to seek the creditor, the creditor may not sue before a justice for the collection of his debt in whatsoever county he may elect, a justice's jurisdiction as to a resident being expressly limited by statute to (1) the county wherein the defendant resides, and (2) the county wherein the cause of action arose. (p. 184).

Application by the State, on the relation of J. Frank Maynard, for a writ of prohibition against C. E. Jarrett, Justice of the Peace, and others.

*Writ awarded.*

*J. E. Brown, John B. Morrison* and *Russell S. Ritz,* for relator.

*Claude L. Smith,* for respondents.

MEREDITH, JUDGE:

H. H. Barnes brought an action before C. E. Jarrett, Justice of Kanawha County, against the relator, J. Frank Maynard, for the recovery of $300 for money due on contract; the summons was served on the defendant in Kanawha County; he applied by petition to this court for a writ of prohibition against the respondents to prohibit the justice from taking further cognizance of the matter, alleging that petitioner was at the time of bringing the action and for many years prior thereto had been, and is now a resident of the county of Mercer in this state, and that he never did at any time reside in the county of Kanawha, and that the plaintiff, Barnes, has no claim against him and that the supposed cause of action, upon which the proceeding before the justice is based, did not arise in Kanawha County, but the cause of action, if any, arose in Mercer County, and that the petitioner is the sole defendant therein.

Respondents answered the petition, admitting that petitioner is a resident of Mercer County, but averred that the cause of action did arise in Kanawha County. The deposition of petitioner was taken showing that the supposed cause of action, if any there be, arose wholly in Mercer County, and that the petitioner has been a resident of that county since 1896, and during this period the said supposed cause of action, if any, arose. The respondent, Barnes, in his testimony, clearly shows that the original contract, if any, was made in Mercer County and that Maynard never made any promise to make payment to him in Kanawha County until after the action was brought, when, he says the petitioner told him while in Kanawha County that he was ·coming back, meaning to Charleston, and would bring him a check. This conversation the petitioner denies, but even if it were true, the breach of that promise could not be said to be the cause of action upon which the present proceeding before the justice

is based.    That cause of action, if any,    did not arise till after the proceeding was instituted.    A justice's court, being a court of limited jurisdiction, jurisdiction is not presumed, and the burden of showing his jurisdiction is upon him who asserts it.

The only question involved in this case is whether or not the justice has jurisdiction to try the case pending before him, which jurisdiction, as defined by ch. 50, section 16, of the Code, is as follows:

"The civil jurisdiction of a justice shall not extend    to any action unless the cause of action arose in his county, or the defendant, or one of the defendants, reside therein, or being a non-resident of the State, is found, or has property or effects, within the county."

It is admitted that the petitioner is the only defendant to the action pending before the justice and that he was at the time of the institution of the action, and is now, a resident of Mercer County, so unless the cause of action arose in Kanawha County, the justice would have no jurisdiction of the matter, although the petitioner was served with process in that county.    It is therefore necessary to inquire into the meaning of the term "cause of action."    In discussing this term, this court in *Clarke* v. *Ohio River R. Co.,* 39 W. Va. 732, 20 S. E. 696; says: "What shall we call the cause of action?    It is the ground on which the action may be sustained.    Black. Law Dict. 182.    'It is the breach of duty by the defendant complained of.'"

In the English case of *Durham* v. *Spence,* L. R. 6 Exch. 46, the defendant while resident at the Cape of Good Hope made a promise of marriage to the plaintiff, who then resided at Calcutta; both returned to England, and while there defendant wrote to the plaintiff, renouncing the contract; the defendant went back to the Cape; the plaintiff brought an action for breach of promise. Process was served upon the defendant at the Cape, under a statute which provided that if in any case any defendant, being a    British subject, is residing out of the jurisdiction of the Superior Court (except in Scotland or Ireland) the plaintiff may issue a writ in the form specified, indorsed for service out of

the jurisdiction ''and it shall be lawful for the court or judge, upon being satisfied by affidavit that there is a cause of action which arose within the jurisdiction, or in respect of the breach of a contract made within the jurisdiction, and that the writ was personally served, or'' etc., from time to time to give the plaintiff liberty to proceed in the action. On motion to set aside the writ and proceedings on it, it became necessary for the court to determine what was the meaning of the term ''cause of action,'' and whether such cause of action arose within the jurisdiction of the court. It was clear that the contract was made without the jurisdiction, though the breach occurred within the jurisdiction, and it was determined by the court that the term ''cause of action'' did not mean the whole cause of action, that is, all the negotiations which led up to the contract, the contract itself and the breach, but that within the meaning of the statute, the cause of action means the act or omission constituting the violation of duty complained of. In discussing this phase of the case, Cleasby, B. said:

''Now the cause of action must have reference to some time as well as to some place; does then the consideration of the time when the cause of action arises, give us any assistance in determining the place where it arises? I think it does. The cause of action arises when that is not done which ought to have been done, or that is done which ought not to have been done. But the time when the cause of action arises, determines also the place where it arises; for when that occurs which is the cause of action, the place where it occurs is the place where the cause of action arises. I can not avoid the conclusion that a cause of action arises where that takes place which first makes a cause of action; the contract does not make a cause of action; but a cause of action does arise when and where the person who has entered into the contract does or omits to do that which gives a cause of action.''

The Durham case was decided by a divided court, but followed the leading case of *Jackson* v. *Spittall,* L. R. 5 C. P. 542, and owing to the divergent views between the Court of Exchequer and Court of Common Pleas, upon a conference of the judges of those courts in the case of *Vaughan* v. *Weldon,*

L. R. 10 C. P. 47, the ruling in *Jackson* v. *Spittall* was adopt-
ed, namely, that the cause of action means the act or omis-
sion constituting the violation of duty complained of. See also:
*Bank* v. *Lacombe,* 84 N. Y. 384, 38 Am. Rep. 518; *N. & W.
Ry. Co.* v. *Crull,* 112 Va. 151, 70 S. E. 521; *Shelby Steel Tube
Co.* v. *Burgess Gun Co.,* 40 N. Y. S. 871, 8 App. Div. 444;
*Lee* v. *Republic Iron & Steel Co.,* 241 Ill. 372, 89 N. E. 655;
*In re Shaffer's Estate,* 228 Pa. 36, 76 Atl. 716; *Excelsior Clay
Works* v. *DeCamp,* 40 Ind. App. 26, 80 N. E. 981; *Roberts* v.
*Hickory Camp Coal & Coke Co.,* 58 W. Va. 276, 52 S. E. 182.
Point 2 of the syllabus of the last case says:

"A justice is without jurisdiction in an action brought by
him against a defendant who is a resident of this state, but
not of the county in which the action is brought, the cause
of action having arisen in the county of defendant's resi-
dence."

The testimony of Barnes shows that both parties resided
in Mercer County when the supposed contract was made and
when payment became due, and when the breach of the con-
tract occurred, therefore, the cause of action, if any, arose in
that county.

But it is argued by counsel for respondents that the con-
tract sued on is executory and that the rights under it are
transitory and follow the person of the creditor wherever he
may go; that it is the duty of the debtor to seek the creditor
and pay him wherever he may find him; and the creditor hav-
ing moved to Kanawha County, it is the duty of the debtor
to pay him there, and not having done so, the breach of that
duty, to-wit, another cause of action, arose in that county.
According to this method of reasoning there would arise as
many breaches of duty or causes of action as counties into
which the creditor might choose to move.    Counsel overlook
the point that there could be but one breach of a single prom-
ise to pay, and that occurs upon failure to pay when due.
And no matter how often the creditor might move there-
after, the failure to pay him in any new location would not
constitute a new breach, and therefore a new cause of action
entitling the creditor to sue thereon.

As is said in IV Minor's Inst., page 1173, "In Virginia,

as we have seen, all personal actions are transitory, but they are not, therefore, allowed to be brought in whatsoever county or corporation plaintiff may be pleased to elect. On the contrary, the statutes lay down stringent rules by which the determination of the county or corporation where the suit is to be instituted shall be regulated.'' Our statute, above quoted, regulating the jurisdiction of a justice of the peace, where there is but one defendant, limits the jurisdiction of a justice in any civil action to two counties, one, where the cause of action arose, and the other, the county in which the defendant resides; so that a plaintiff having a claim against a resident, cognizable before a justice, may bring his action before a justice in the county wherein the defendant resides; or, if the cause of action arose in some other county, he may bring his action in that county, even though the defendant does not reside therein if he obtain service upon him there; but he can not institute his action in a county where the cause of action did not arise and where the defendant does not reside.

The supposed cause of action having arisen in Mercer County, and that being the county wherein the defendant resides, that is the only county in which action could be brought thereon.   It therefore follows that the justice in Kanawha County has no jurisdiction to try the action pending before him.   The writ is awarded.

*Writ awarded.*