# Wytheville.

## MERCER, ADM'R, ETC. v. CITY OF RICHMOND.

June 13, 1929.

The opinion states the case.

*A. W. Patterson*, for the plaintiff in error.

*James E. Cannon, City Attorney*, and *Lucius F. Cary, Assistant City Attorney*, for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

The question presented by this writ of error is whether the trial court erred in sustaining a demurrer to the declaration and in dismissing the action.

The answer to this question involves a construction of section 19-G, of the Richmond city charter as amended (Acts 1926, page 533, chapter 318). Section 19-G provides: "No action shall be maintained against the said city for damages for any injury to any person or property alleged to have been sustained by reason of negligence of the city, or of any officer, agent or employee thereof, unless a written statement, verified by the oath of the claimant, his agent or attorney, *or the personal representative of any decedent whose death is the result of the alleged negligence of the city,*

its officers, agents or employees, of the nature of the claim and the time and place at which the injury is alleged to have occurred or been received, shall have been filed with the city attorney of said city within sixty days after such cause of action shall have accrued, and no officer, agent or employee of the city shall have authority to waive such conditions precedent or any of them."

The facts, as they appear from the declaration which on demurrer are conceded to be true are that on April 26, 1927, Mrs. Adelaide C. Young, a resident of the city of Richmond, while walking along Laburnum avenue, at a point between Lamont and Gloucester streets, in Richmond, stepped into a hole in the sidewalk, was violently thrown to the pavement, and suffered a fractured hip. She was taken to St. Luke's Hospital and remained there under treatment for some six weeks or more, and was later removed to her home in Laburnum Park. While at St. Luke's Hospital, and within sixty days from the date of the accident, Mrs. Young gave notice thereof to the city attorney, as provided by section 19-G, above set out. Thereafter, on the 10th day of August, 1927, she departed this life in consequence of the injuries received from this accident.

J. Herbert Mercer, sheriff of the city of Richmond, having qualified on October 10th as administrator upon the estate of the decedent instituted this action to the second October rules, 1927, claiming damages in the sum of $10,000, based upon the negligence of defendant whereby her injuries and death were brought about.

On March 27, 1928, defendant, by leave of court, filed a demurrer, and also a plea in bar to plaintiff's declaration. The demurrer rested upon the ground that the declaration did not allege the giving of statu-

tory notice, as contemplated by the charter of the city. Whereupon, by leave of court, the plaintiff amended his declaration by stating "that the said Adelaide C. Young, under date of May 23, 1927, gave notice of said accident to the said defendant, according to law." Counsel for defendant then demurred to the declaration as amended, assigning as reason for such demurrer that J. Herbert Mercer, as administrator had not given notice of the accident within sixty days after his qualification on Mrs. Young's estate, and that the notice alleged in the amended declaration to have been given by plaintiff's intestate does not comply with the requirement of the ordinance.

The order complained of here concluded: "It seems to the court that said declaration as amended is not sufficient in law for the plaintiff to have and maintain his action against the said defendant, and the demurrer is sustained."

The question at issue therefore is whether or not after notice of an accident and injury had been given in due time by the injured party, who later died as a result of her injuries, the personal representative of the decedent must give another notice of the accident, though more than sixty days may have elapsed, before he can maintain his action against the city.

The trial court held that the additional notice was necessary, and its action in so holding is assigned as error.

Prior to March 6, 1918, there was no requirement that persons injured through alleged negligence of a city should give notice to the city of the accident as a condition precedent to bringing action.

By the original act a period of six months was allowed in which to give notice of the claim, and such notice was to be given by the "claimant, his agent, or attor-

ney." By act approved March 24, 1926 (Acts 1926, page 533, chapter 318), the period for giving this notice was reduced to sixty days, and extended to "the personal representative of any decedent, whose death is the result of the negligence of the city."

The object of the statute is very clearly stated by Chief Justice Prentis in *O'Neil* v. *City of Richmond*, 141 Va. 168, 126 S. E. 56. We quote syllabus 6, 141 Va. 168 (126 S. E. 56), which is fully supported by the text of the opinion: "The reasons for statutes requiring notice of claim to be given municipalities before action have been frequently indicated. They afford the city authorities the opportunity to investigate the circumstances, examine the locality in which the injury is alleged to have occurred, and to discover the witnesses promptly so as to ascertain the facts while their recollections are fresh. Such statutes tend to discourage and avoid the expense of litigation, because if the investigation discloses legal liability a prompt settlement is both proper and probable. They also tend to prevent perjury and fraud as well as to avoid injustice growing out of the failure of the witnesses to recollect clearly occurrences long past before they are called upon to testify and the better to safeguard against unfounded claims."

*Bowles* v. *City of Richmond*, 147 Va. 720, 129 S. E. 489, 133 S. E. 593, is to the same effect. So far as the courts have spoken therefore the reasons given for statutes requiring notice are summarized as follows: To afford the city authorities opportunity to investigate the circumstances, examine the locality in which the injury occurred, to discover witnesses promptly while their recollections are fresh, and thus to prevent perjury and fraud, as well as to avoid injustice growing out of failure of witnesses to recollect clearly occurrences

long past. These reasons for the existence of such statutes are emphasized by the fact that the legislature has limited the time of giving such notice to within sixty days after the cause of action arose. Prior to March 24, 1926, the limit for giving notice was six months and the reduction in time clearly shows that the legislature recognized the importance of early notices to promote the objects of the statute.

As originally drafted the statute did not provide for notice by an administrator of a person who died as a result of injury due to an alleged negligent act of the city, but by the amendment of March 24, 1926, the administrator of such deceased person was included along with those already mentioned in the statute. But there was no change made as to any of them as to the time within which the notice was to be given. It remained, as before, "within sixty days after any such cause of action shall have accrued." Thus, the cause of action in every case is the point in time from which to reckon the sixty day limitation.

It is the contention of counsel for the city that the cause of action in the instant case accrued to the administrator upon the death of his intestate, and that he, as a result, had sixty days from his qualification within which to give the notice required by the statute, and not having given it either within that time or later, he has lost his right of action. Many authorities are cited in the city's brief to the effect that the right of action which accrued to the administrator upon the death of his intestate is entirely different from the right of action which accrued to the injured party if he had lived. *Anderson* v. *Hygeia Hotel*, 92 Va. 687, 24 S. E. 269; *Stevenson* . v. *Ritter Lumber Co.*, 108 Va. 575, 62 S. E. 351, 18 L. R. A. (N. S.) 316; *Beavers* v. *Putnam*, 110 Va. 713, 67 S. E. 353; *Virginia Iron Co.* v.

*Odle's Adm'r*, 128 Va. 280, 105 S. E. 107. We quite agree with the principle enunciated in these cases, but we cannot agree with the conclusion of the city's attorney and the trial court that this principle controls the instant case. To do so would defeat the often expressed objects of the statute which should control in its construction. The statute fixes the beginning of the limitation at the time the cause of action accrued. The cause of action accrued at the time of the injury and a failure to give the notice required by the statute within sixty days therefrom either by the claimant, his agent, his attorney or his personal representative, if the accident resulted in death by the claimant, is an end of the case. Only one notice is contemplated by the statute, as there can be but one cause of action, one occurrence resulting in injury or death. The right of action referred to in the cases is entirely different from the cause of action and the right of action does not accrue to the claimant or any one else until the terms of the statute have been compiled with. The administrator had no right of action until he qualified, and then only if the terms of the statute had been complied with.

The distinction between *"cause of action"* and *"right of action"* is recognized by the courts, and it has substantial foundation in reason. Thus in *Brammer* v. *N. & W. Ry. Co.*, 107 Va. 206, 57 S. E. 593, it was held that: "Under the Virginia statute giving a right of action for death occasioned by the wrongful act, neglect or default of another, but one action can be maintained to recover damages for an injury resulting in such death, as there is but one cause of action in such a case; and whether that action be brought by the injured party in his life time and revived after his death, or a new action be brought by the personal

representative within the statutory period, as provided in the statute, only one recovery can be had, and that for the benefit of the next of kin named in the statute, where any such exist. If an action brought by the injured party in his life time be revived in the name of his personal representative after his death, and proceed to final judgment, it is a bar to any other action to recover damages for the same injury. The object of the statute was to give a right of action where none existed at common law, and to prevent an action from abating which would otherwise have abated, but not to allow two actions against the same defendant for the same injury."

In *Lewis* v. *Glenn*, 84 Va. 979, 6 S. E. 882, this was said: "It is frequently the case that more or less confusion arises from a failure to distinguish between the cause and the right of action. 'A cause of action is said to accrue to any person when that person first comes to a right to bring an action. There is, however, an obvious distinction between a cause of action and a right, though a cause of action generally confers a right. Thus, statutes of limitations do not affect the cause of action, but take away the right.' "

"Cause of action" has a well defined legal meaning, (*State* v. *Jarrett*, 90 W. Va. 180, 110 S. E. 568; *City of Columbus* v. *Anglin*, 120 Ga. 785, 48 S. E. 318-20; *Lee* v. *Republic, etc.*, 241 Ill. 372, 89 N. E. 655) and the legislature could not if it would make a movable feast of it. See also *Norfolk, etc.* v. *Crull*, 112 Va. 154, 70 S. E. 521; *Colonna, etc.* v. *Bland*, 150 Va. 355, 143 S. E. 729, 59 A. L. R. 497.

The opinion in the *Crull Case* cites with approval *Bank* v. *Lacombe*, 84 N. Y. 384, 38 Am. Reports 518, where it is said: "The cause of action arises when that is not done which ought to have been done; or that is

done which ought not to have been done." Judge Harrison then goes on to say: "As already seen, the breach of duty which gave rise to the present cause of action was the failure of the defendant to deliver the shipment of horses in good condition at the point of destination."

See also *Stone* v. *Case*, 34 Okl. S., 124 Pac. 960, 43 L. R. A. (n. s.), 1188; Enc. Pl. & Pr., Vol. 1, page 116; Bliss on Code Pleading, page 2; *Bruner* v. *Martin*, 76 Kan. 862, 93 Pac. 165, 14 L. R. A. (n. s.) 775, 123 Am. St. Rep. 172, 14 Ann. Cas. 39. Authorities could be multiplied indefinitely but it would serve no good purpose to continue the citations.

■ We have heretofore referred to and enumerated the purposes of the statute. In dealing with a statute the courts should follow its purpose whenever it is possible to do so. *Colvin* v. *Butler*, 150 Va. 672, 143 S. E. 333. The construction put upon this statute by the trial court utterly destroys its purpose and gives to an administrator of a deceased person who died as a result of a city's negligence a limitation in giving the statutory notice which may extend into years beyond the time the cause of action arose. The statute cannot be reasonably so construed.

■ Applying this rule here, it would seem to be too clear for argument that there was no thought of extending the sixty day period in any case. On the contrary, the statute has already been amended at least once for the sole purpose of reducing the time for giving notice. And now when an amendment is made for a specific purpose and without any reference to time limitation, it is said that incidentally, or inferentially, a radical departure was made, extending the requirement as to notice out of keeping with the whole history and spirit of the charter provision.

■ The difficulty, we think, grows out of a confusion of terms, an inaccuracy of speech, owing to the fact that in most cases the cause of action and the right of action arise at the same time and affect or belong to the same person. But here the situation is altogether different. Death is not a cause but a consequence. In other words, the cause of action accrues upon the occurring of the accident, whereas the right of action does not arise until the required notice has been given, and under the statute of limitations there can be no right of action in any case after one year from the time when the cause of action (injury) occurred.

In view of the foregoing we are of opinion to reverse the trial court and to remand the case for further proceedings to be had herein, not inconsistent with the views above expressed.

*Reversed and remanded.*