## CITY OF CORPUS CHRISTI v. CADDELL.

### No. 9875.

Court of Civil Appeals of Texas. San Antonio.

Oct. 21, 1936.

Rehearing Denied Dec. 2, 1936.

Boone, Henderson, Boone & Davis, Lewis H. Jones, and Russell H. Savage, all of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

MURRAY, Justice.

This suit was instituted by James W. Caddell and wife, Sally Caddell, against the City of Corpus Christi, a municipal corporation, seeking to recover damages sustained by them in the loss, by accidental death, of their son Henry Caddell. While the suit was pending, James W. Caddell died, and Sally Caddell, alone, prosecuted the cause to final judgment. The cause was submitted to a jury and upon their verdict judgment was rendered in Sally Caddell's favor in the sum of $5,000, from which judgment the City of Corpus Christi has prosecuted this appeal.

On the night of July 3, 1927, Henry Caddell, along with several others, got into a car driven by Orban Jackson and started for a ride. While going south on Alameda street, near the intersection of Naples street, the car ran over a curb to an ornamental parkway and struck an excavation in the parkway, throwing Henry Caddell out of the car and onto the paved portion of the highway, fracturing his skull, from which injury he died on July 27, 1927. The dirt from the excavation had been thrown or spread on the street so as to cover up and obstruct from view the curb to the parkway. Henry Caddell was twenty years of age and contributed to the support of his mother and father prior to his death.

There was a water pipe and a water meter in the excavation. W. J. Smith, who was street and park commissioner of the city, had just prior to the accident decided to do away with this parkway, which was located in the center of Alameda street, and had so instructed his street foreman. This parkway was about fifteen feet long; six or eight feet wide; and was surrounded by a cement curb six or eight inches high. Within a week after the accident the parkway was removed and that portion of the street paved. The City of Corpus Christi operated the water company and the gas company of the city.

The jury, in answer to the questions submitted to them, made the following findings:

"1. On or about the 3rd day of July, 1927, the defendant, acting by and through its duly authorized agents, servants, and employees, excavated a place within Alameda street at the point where Henry Caddell was injured.

"2. That the city or its duly authorized agents, servants, or employees, did, on or about the 3rd day of July, 1927, abandon such place without placing any character of warning signal thereat to give notice to persons using such street as traveled and used for public travel, that such excavation was there.

"3. That the leaving of such excavation open at night without placing a warning signal light or device of some kind at or near same was negligence.

"4. That such negligence was a proximate cause of the injury sustained by Henry Caddell.

"5. That on or about the 3rd day of July, 1927, the defendant, acting by and through its duly authorized agents, servants, or employees, spread dirt taken from an excavation made in Alameda street, over said street in such a manner that such excavation could not be discovered by a person of ordinary vision driving south on Alameda street at night.

"6. That the spreading of such dirt in such a manner was negligence.

"7. That such negligence was a proximate cause of the injuries to Henry Caddell.

"8. That an excavation in Alameda street at about the point where Henry Caddell was injured was left open by the city, its servants, agents, and employees on or about the 3rd day of July, 1927.

"9. That the leaving of said excavation open was negligence.

"10. That such negligence on the part of the city, its servants, agents, or employees was a proximate cause of the injuries to Henry Caddell.

"11. That Henry Caddell was not riding in said truck in a standing position at the time of the accident.

"13. Special issue number thirteen was answered to the effect that Henry Caddell was not negligent; however, issue number thirteen need not have been answered, by reason of the answer to issue number eleven.

"14. That Orban Jackson was not negligent in driving the truck onto the park as he did at the time Henry Caddell was injured.

"16. Paragraph sixteen was on the amount of damages, to which the jury answered five thousand dollars ($5,000.00)."

These findings amply supported the judgment entered.

Appellant's first complaint is that there was a fatal variance between the allegations and the proof in that the allegation was that the excavation was in the street, while the proof shows that it was not in the street, but in the parkway, a place where automobiles were not invited to drive. Appellee, Sally Caddell, contends that the excavation being in the small parkway, and the parkway being in the street, that the excavation was in the street, and therefore there is no variance between the proof and the allegation. The exact wording in the petition is as follows:

"That on or about the 3rd day of July, 1927, the said City of Corpus Christi, by

and through its duly authorized agents, servants and employees, undertook to and did open a hole and excavate a place in the center of Alameda street, same being a street within the city limits of Corpus Christi, Texas, and within that portion of said city known as Del Mar, an addition to the said city, which said excavation was made in said street approximately at the intersection of said street with Naples street. * * *"

Appellant did not object to the introduction of the evidence on the ground of surprise or that it was misled by the variance. We conclude that the place where the excavation was made is so definitely located by the above description, and no objection being made at the time the evidence was offered, on the ground of surprise or that the pleading was misleading, the variance became immaterial and cannot be regarded as a fatal variance. International & G. N. Ry. Co. v. Lane (Tex. Civ.App.) 127 S.W. 1066; City of Fort Worth v. Nelson (Tex.Civ.App.) 220 S.W. 123; Fowler Commission Co. v. Charles Land & Co. (Tex.Com.App.) 248 S.W. 314; Kleber v. Pacific Ave. Garage (Tex. Civ.App.) 70 S.W.(2d) 812.

■ Appellant next complains that appellee did not plead that notice of injury was given appellant as required by section 9, article XII, of the charter of the City of Corpus Christi. This section reads as follows:

"Before the City of Corpus Christi shall be liable for damages for personal injuries of any kind, the person injured or some one in his behalf shall give the mayor or city council notice in writing of such injury within ninety days after the same has been sustained, stating in such notice when, where and how the injury occurred, and the apparent extent thereof, and the failure to so notify the city within the time and manner specified herein shall exonerate, excuse and exempt the city from any liability whatsoever."

This section, by its own terms, is limited to personal injuries and should not be extended by construction of this court to include death cases. There is a very good reason for not requiring notice in death cases. A dead man, of course, cannot give notice. A person might be injured on the streets of a city and the matter not come to the attention of the city, but it is not very probable that a person might be killed upon the streets of a city and its officials not have some notice of such a happening. This exact point has not been passed upon in this state. It has been held under similar provisions of city charters that notice of property damage is not required. City of Dallas v. Shows (Tex.Com.App.) 212 S.W. 633; City of San Antonio v. Pfeiffer (Tex.Civ.App.) 216 S.W. 207; City of Texarkana v. Roberts (Tex.Civ.App.) 27 S.W.(2d) 551.

There is a conflict in the decisions of other states as to whether or not a provision such as section 9, in a city charter, should be construed as including cases where the injuries result in death. Mercer v. City of Richmond, 152 Va. 736, 148 S.E. 803, 64 A.L.R. 1059. We prefer to follow that line of decisions which hold that such a provision should not be extended by construction to include death cases.

■ Furthermore, appellant pleaded that no notice had been given. The proof shows that such notice was given, and if there was a deficiency of pleading by the plaintiff below, it was supplied by the pleadings of appellant. Ray v. Barrington (Tex.Civ.App.) 297 S.W. 781; Safety First Bus Co. v. Skibinski (Tex.Civ.App.) 36 S.W.(2d) 288; Ormsby v. Ratcliffe (Tex.Com.App.) 36 S.W.(2d) 1005.

■ Appellant's next complaint is to the effect that there is no evidence, or at least the evidence is insufficient, to support a finding that the city, acting through its agents, servants, or employees, made the excavation which caused the accident, or even that the city had any knowledge of such excavation.

The evidence shows that W. J. Smith, as street and park commissioner, had approved a plan to remove the parkway from the center of Alameda street and to pave the space occupied by the park. It further shows that the city was engaged in the business of operating the city water supply system and the city gas supply system. Bob Hall was in charge of the water and gas system. There was also a street foreman who supervised the work done on the street. The evidence further shows that there was a water meter in the parkway and that the excavation was made around the water meter. Within one week after the accident the parkway had been removed and the space paved. These facts were undisputed and the city offered no proof to the contrary. This undisputed evidence was sufficient to establish the proper inference that the agents, servants,

and employees of the city made this excavation for the purpose of removing the water meter before filling in the parkway. If this was not so, it would have been an easy matter for the city to have rebutted the inference to be drawn from these circumstances. Galveston, H. & S. A. Ry. Co. v. Cook (Tex.Civ.App.) 214 S.W. 539; Texas Employers' Ins. Ass'n v. Ritchie (Tex.Civ.App.) 75 S.W.(2d) 942.

It is true in this case that the excavation was not in that part of the street which was open to travel, but was in the parkway, which was surrounded by a concrete curb six or eight inches high. However, the evidence shows that the dirt from the excavation has been thrown onto the street in such a manner as to cover the curb and due to the similarity of the color of the street and the dirt a person driving south on Alameda street, at that point, could not by reasonable diligence discover the excavation until too close to it to avoid striking it. Under such circumstances, it matters not that the excavation was not in the traveled portion of the street, it being, under all the facts and circumstances, so close to the street as to render travel on the street dangerous. City of Beaumont v. Kane (Tex.Civ.App.) 33 S.W.(2d) 234; City of Wichita Falls v. Lipscomb (Tex.Civ.App.) 50 S.W.(2d) 867.

All of appellant's propositions have been considered and are overruled.

Accordingly, the judgment is affirmed.