THE CHICAGO UNION TRACTION COMPANY

*v.*

MINNIE E. LEACH.

*Opinion filed April 17, 1905.*

1. NEGLIGENCE—*what does not relieve street car company from liability for collision.* If a street car company is guilty of negligence in running its car against a hired carriage in which plaintiff was riding, it is not relieved of liability because the driver of the carriage was also negligent.

2. SAME—*when street car company is not liable for injury.* If the accident which caused plaintiff's injury is attributable solely to the fact that the driver of the carriage in which she was riding negligently turned upon the track when the defendant's street car was too near for the motorman to stop it, the defendant is not liable, and is entitled to have the jury so instructed where there is evidence on which to base the instruction.

3. INSTRUCTIONS—*party entitled to instruction applying specifically to his theory.* A party is entitled to an instruction which applies directly and specifically to his theory of the facts which there is evidence tending to prove, even though general instructions have been given stating approved rules of law applicable to any case where negligence is charged.

4. SAME—*when refusal of specific instruction is not reversible error.* Refusal of an instruction applying specifically to the defendant's theory of the case is not reversible error, where another specific instruction is given at its request containing a fair statement of the defendant's theory of the case, the facts which its evidence tends to prove and the rule of law applicable thereto.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellant.

WATERS, JOHNSON & BAKER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the First District affirmed a judgment for $3000 recovered by appellee in the superior court of Cook county against appellant for damages on account of injuries received by her in a collision between a car of appellant and a closed carriage in which she was riding. This appeal was prosecuted from the judgment of the Appellate Court.

Plaintiff and her husband were in the carriage and the driver was an employee of the liveryman from whom it was hired. Neither plaintiff nor her husband gave any direction to the driver except to tell him where they were to be taken. They had attended a funeral and the carriage had stopped on the south side of VanBuren street, about twenty feet east of the point where California avenue crosses it. The team stood facing toward the east while a woman got out and left the carriage. It was in the dusk of evening, and the car was approaching from the west when the driver turned the team around across the tracks of the defendant in a northwesterly direction, to go north on California avenue. The carriage was struck by the car, and although it was not overturned

or wrecked, plaintiff was thrown against the side of the carriage and injured.

The negligence alleged in the declaration was that the car was run without sounding a gong or giving any warning to the plaintiff, and the plea was the general issue. The evidence for the plaintiff tended to prove the negligence charged in the declaration, and the testimony was in irreconcilable conflict. The evidence for the defendant tended to disprove the charge of negligence, and also tended to prove that the accident was caused by the unexpected and negligent act of the driver of the carriage in suddenly turning his team around to the north, across the track and in front of the car, when the car was so near that it could not be stopped. If the evidence for the defendant on that subject were credited, the rule of law stated in *Chicago Union Traction Co.* v. *Browdy,* 206 Ill. 615, would be applicable. The defendant would not be relieved from liability to the plaintiff, if it was guilty of negligence, merely on the ground that the driver of the carriage in which she was riding was also negligent in turning across the track. (*Wabash, St. Louis and Pacific Railway Co.* v. *Shacklet,* 105 Ill. 364; *Consolidated Ice Machine Co.* v. *Keifer,* 134 id. 481; *Chicago City Railway Co.* v. *Wilcox,* 138 id. 370; *Chicago and Alton Railroad Co.* v. *Vipond,* 212 id. 199.) But if the accident was solely attributable to the negligence of the driver in turning across the track when the car was too near to enable the motorman to stop it there would be no negligence of the defendant and no liability. Upon that theory of the case the defendant asked the court to give to the jury the following instruction:

"If the jury believe, from the evidence, under the instructions of the court, that the sole cause of the injury to the plaintiff was the negligent manner in which the horses and carriage in question were driven or managed, if you believe, from the evidence, that such horses and carriage were negligently driven or managed, then it is the duty of the jury to find the defendant not guilty."

The court refused to give the instruction, and the refusal is the only ground of complaint in this court. The instruction correctly stated the law applicable to the hypothesis of fact contained in it, and the defendant was entitled to have the jury instructed on that subject. We are of the opinion, however, that the judgment should not be reversed on account of the refusal to give the instruction, for the reason that the rule of law was fairly presented to the jury by another instruction. There were several instructions of a general nature stating the rules of law which are applicable to every case where negligence is charged but which were not directly and specifically applied to the facts of this case. The sixth was of that character, and stated that if the defendant exercised ordinary care to avoid injuring the plaintiff, but that nevertheless the plaintiff was injured, the jury should find the defendant not guilty. The sixteenth stated to the jury that if the accident occurred without negligence on the part of the defendant they should find the defendant not guilty, and the seventeenth told them, if there was no negligence on the part of the defendant in operating the car they should find it not guilty. While those instructions were correct, they were scarcely more specific than any statement of an approved rule of law, and a party is entitled to instructions which apply directly and specifically to his theory of the facts which there is evidence tending to prove. (*Chicago, Burlington and Quincy Railroad Co. v. Camper,* 199 Ill. 569; *Mallen v. Waldowski,* 203 id. 87.) The fifth instruction, however, was specific, and we think fairly presented to the jury the rule of law invoked by the defendant and which the evidence in its behalf tended to prove. It stated, in substance, that the defendant was not obliged to be all the while on its guard against occurrences or conduct not reasonably to be expected, and that if the jury believed, from the evidence, that the sudden turning of the horses and carriage across the track in front of the car, if they were so turned, was, under all the circumstances in evidence, not reasonably

to be expected, and as the car approached the place it was being operated with ordinary care, then it became the duty of defendant to stop the car only as soon as the servant or servants in charge thereof had notice or knowledge that the horses and carriage were being turned across the tracks in front of the car, and if such notice or knowledge came too late to stop the car, in the exercise of ordinary care, without injuring the plaintiff, the jury must find the defendant not guilty. That instruction contained a fair statement of the defendant's theory of the case and of the facts which its evidence tended to prove.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*