(No. 15009.—Reversed and remanded.)
FRANK E. THOMAS, Defendant in Error, *vs.* THE CHICAGO
EMBOSSING COMPANY, Plaintiff in Error.

*Opinion filed February 21, 1923.*

1. NEGLIGENCE—*when question of variance must be regarded as waived.* A question of variance between the allegations of the declaration and the evidence must be regarded in the Supreme Court as having been waived where no objection was made on the trial, where the variance is such as could have been obviated on the trial had the objection been made, and where the party alleging the variance has introduced evidence to refute that which it is claimed constitutes the variance.

2. SAME—*words used in declaration to describe machinery need not be technically accurate.* Where the gravamen of a common law action for personal injury is the failure of the defendant to guard moving parts of the machinery which caused the injury, the terms used in the declaration to describe the machinery need not be technically accurate, and a declaration alleging the unguarding of a certain "shafting" is supported by evidence describing the unguarded part as a "plunger."

3. SAME—*when negligent act or omission may be regarded as the proximate cause.* What is the proximate cause of an injury is ordinarily a question of fact to be considered by the jury from all the attending circumstances, but the negligent act or omission, while it must be an essential cause, need not be the sole cause nor the last or nearest cause, and it is sufficient if the negligence concurs with some other cause acting at the same time, which in combination with it causes the injury.

4. SAME—*when instructions may eliminate assumed risk and contributory negligence.* Where an action for personal injury is based on the statute requiring the guarding of dangerous machinery it is not error to give instructions which eliminate the doctrines of assumed risk and contributory negligence, as the defendant, under the statute, cannot avail itself of these defenses.

5. SAME—*defendant is entitled to instruction based on its theory of the case.* In an action for personal injury based on the statute requiring the guarding of dangerous machinery, the defendant is entitled to an instruction based upon the defendant's theory of the case which there is evidence tending to prove, and where such an instruction concerns a vital element of the case it is prejudicial error for the court to refuse to give it.

Writ of Error to the Second Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. S. C. Stough, Judge, presiding.

Bulkley, More & Tallmadge, for plaintiff in error.

John A. Bloomingston, for defendant in error.

Mr. Justice Carter delivered the opinion of the court:

Defendant in error brought suit against plaintiff in error to recover damages for personal injuries claimed to have been sustained by him while he was operating a dangerous power-driven machine in plaintiff in error's plant, claiming that the machine was not properly guarded, as required by statute. On trial before a jury there was a verdict, and judgment was entered on the verdict in defendant in error's favor for $10,000, which judgment was affirmed in the Appellate Court on a writ of error, and the cause is brought to this court by petition for *certiorari* for further consideration.

The record discloses that defendant in error applied for employment to plaintiff in error, stating that he was an experienced worker on printing and embossing presses, and he was employed to work on a job press; that some three months later, on August 12, 1911, he was put to work on an embossing press, where he was injured; that Oscar Fisher, who was employed by plaintiff in error, came to defendant in error on the morning of August 12 and asked him if he would stay in the afternoon to take instructions on the embossing press; that he stayed and Fisher showed him how to stop and start the press, which was power-driven, how to take a plate out on the lower bed, which was used for building up the embossing, and how to make the embossing job ready, but Thomas testified that Fisher did not explain anything to him about part of the machin-

ery underneath the press. It appears that after Thomas had been at work on the embossing machine three or four hours his right hand was crushed in the machine, so that it was necessary to amputate the hand above the wrist. In operating the machine the operator sits in front of it on a high stool. There is a place on part of the frame on which to rest his left foot, but apparently there is no place where the operator can rest his right foot. As a part of the machine there is what is termed in the record a "plunger," to which are attached two arms connecting with the lower bed, and as the lower bed moves up and down the plunger does likewise in a slot slightly less than four inches wide and about eight inches in length. In the operation the plunger comes within three-quarters of an inch of the bottom of the slot and the same distance from the top. Extending across the front of the machine, and between it and the operator, is a shelf or table on which the material that is being embossed is placed, the shelf being about seven inches in width and a little above the operator's waistline as he sits at the machine, so that the operator cannot readily see the lower part of the mechanism or his own feet when at work. The operator takes a piece of material, places it between the two beds, and then by a lever operated with his left hand starts the machine, and the lower bed moves up against the upper bed, making the impression on the material.

The declaration consisted of eight counts, charging, in substance, that the machine was in a defective condition; that the bearings, gears and pinions were not oiled, and that the lever used did not release the clutch, gearing and shafting; that defendant in error had been directed to work with dangerous machinery without having been sufficiently instructed; that plaintiff in error failed to keep the press and the shafting, belting, gearing and pinions free from dirt, dust, metal chips and the like, of which defendant in error had complained to plaintiff in error, and plaintiff in

error had promised to clean the same but had negligently failed to do so; that the machinery having become dirty and clogged rendered the machine dangerous; that the stool or bench on which the defendant in error sat was also defective and dangerous; that the machinery was not properly guarded, as provided by statute. An additional count filed as a part of the declaration set up the statute requiring the guarding, fencing and protecting of fly-wheels, belting and moving parts of machinery, and charged that plaintiff in error had not complied therewith.

Defendant in error testified that at the time of his injury he started the machine and got his foot underneath the plunger, and in his excitement due to the pain and in his attempt to get his foot out of danger he threw on the power and got his hand caught between the beds or jaws of the press, which injury necessitated amputation of the hand or part of the arm. No one saw the accident except defendant in error. There seems to be a dispute in the evidence as to what effect the plunger would have in descending upon a foot or toe in the bottom of the slot. Defendant in error testified that he actually got his toe in the slot and that the plunger pressed upon it, although it does not appear that there was any lasting injury to the foot. A doctor testified that he saw no injury, although defendant in error testified that the doctor made no examination of his foot. There can be no doubt as to the extent of the injury to the hand and arm. It seems to be admitted by counsel for defendant in error that the machine operated properly and started and stopped when it was supposed to, and we do not find any evidence as to the dirty or clogged condition of the machine, as charged in the declaration. The whole question in the case appears to turn on whether the accident was caused because moving parts of the machine were unprotected which could and should have been protected, and whether the defendant in error had been

sufficiently instructed in the work he was doing, in view of the manner of the operation of the press.

From the evidence, and from an inspection of the photograph in the record, there appears to be nothing in the construction of that part of the framework of the press where the plunger moved up and down and nothing in the method of operation and function of the plunger which required that it be exposed, and we find nothing to indicate that it was not practicable to enclose or guard it. The work of embossing, as this machine was constructed and operated, clearly required access by the operator to the beds of the press when it was in operation, and in the very nature of the work those beds could not have been guarded at the point in front, where the operator sat.

It is argued by counsel for plaintiff in error that the evidence does not support the count in the declaration as to the unenclosed or unprotected parts of the machine, the count alleging that it was practicable to "fence or protect the drums, cogs, gearing, shafting and fly-wheels," and that plaintiff in error failed in its duty and defendant in error came in contact with said moving parts, which were caused to come down on defendant in error's arm; that there was no allegation in the declaration that defendant in error's foot got into the slot; that the evidence shows that no part of the machinery came down upon the defendant in error's hand, as alleged, and that nothing was mentioned in the declaration as to the operation of the plunger and injury to the foot. In our judgment the Appellate Court rightly held that the additional count in which the above allegations were found was not skillfully drawn, but we also agree with that court that any variance could, on objection being made, have been obviated, and that plaintiff in error, after having offered evidence to show that defendant in error's foot or toe was not injured by the plunger in the bottom of the slot, waived that question, and not having objected on the trial that there was a variance between the

allegations of the declaration and the evidence, it cannot later urge the question here. (*Brunnworth* v. *Kerens-Donnewald Coal Co.* 260 Ill. 202; *Lehigh Valley Transportation Co.* v. *Post Sugar Co.* 228 id. 121.)   As we understand the argument of counsel for plaintiff in error, they do not merely urge that the facts indicate a variance, but that there was a failure of evidence to support the declaration.   The declaration did not allege that the plunger was so exposed that defendant in error's foot or toe was caught in the slot, but it did allege that moving parts of the machinery were of such a nature that the duty rested upon plaintiff in error to protect the drums, cogs, gearing, belting, shafting and fly-wheels.   The term "plunger," as used in the evidence, might well come under the designation of "shafting" in the declaration.   This court has held that the terms used need not necessarily be technically accurate.   The gravamen of the complaint was the failure to guard the moving parts of the machinery which could cause the injury.   *Lee* v. *Republic Steel Co.* 241 Ill. 372; *City of Evanston* v. *Richards,* 224 id. 444.

Counsel for plaintiff in error contend that the proof of an injury to the foot in unguarded machinery does not justify recovery for an injury to the hand in that part of the machinery which could not be guarded.   Apparently the theory upon which counsel for plaintiff in error base their reasoning is, that according to the testimony of defendant in error as to how the accident happened, his foot got in the unguarded slot as the plunger descended and that the slot could have been covered; that in his excitement he threw his hand between the beds of the press, which he would not have done but for the injury to or pinching of the foot, and that therefore the negligence in not covering the slot in which the plunger,—a moving part,—worked, and which could have been protected, was the cause of the injury.   What is the proximate cause is ordinarily a question of fact, to be considered by the jury from all the at-

tending circumstances, but as a matter of law the negligent act or omission must be one of the essential causes producing the injury but need not be the sole cause nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it causes the injury. (*Seith* v. *Commonwealth Electric Co.* 241 Ill. 252; *Waschow* v. *Kelly Coal Co.* 245 id. 516.) We find no error in the ruling on this point.

It is further contended by counsel for plaintiff in error that the instructions which eliminated assumed risk and contributory negligence, whether or not the machine was dangerous, were erroneous. The instructions complained of were in conformity with the Illinois statute regarding the guarding of dangerous machines, and under this statute plaintiff in error cannot avail itself of the defense of assumed risk or contributory negligence. (1 Hurd's Stat. 1921, p. 1539; *Streeter* v. *Western Wheeled Scraper Co.* 254 Ill. 244.) We find no error in the giving of these instructions.

It is strenuously insisted that certain instructions asked by plaintiff in error and refused by the trial court should have been given, because several of them attempted to set out that it must be shown by the evidence that defendant in error got his foot in the slot and that this was the cause of his getting his hand in the press, and that plaintiff in error was entitled to have the instructions which applied directly and specifically to its theory of the facts given to the jury. One instruction which was refused which it is claimed should have been given reads as follows:

"The court instructs the jury that if you believe from the evidence in this case that the plaintiff's foot did not slip or get into the slot and become pinched or crushed, then the plaintiff cannot recover and your verdict should be not guilty."

The Appellate Court held that this instruction should have been given but concluded that the jury was not mis-

led by the failure to give it. This instruction, in our judgment, was vital to the theory of plaintiff in error's case. The defendant in error had suffered a severe injury,—the loss of his right hand,—and the injury had been received while he was operating one of plaintiff in error's machines which came within the provisions of the statute requiring dangerous machinery to be properly guarded wherever that is possible in its practical operation. The most dangerous part of this particular machine was the part in which defendant in error's hand was crushed. It was shown it was not possible to guard that part of the machine and still operate it. It was defendant in error's theory on the trial, and is here, that his foot slipped into the slot, and that when the plunger descended upon it, pinching his foot, in an effort to extricate his foot he got his right forearm into the press and it was crushed. There can be no question that a party to a cause of action is entitled to instructions which apply directly and specifically to his theory of the facts when there is evidence tending to prove these facts. (*Chicago Union Traction Co.* v. *Leach,* 215 Ill. 184; *Fessenden* v. *Doane,* 188 id. 228.) There was evidence tending to sustain plaintiff in error's theory that defendant in error's foot could not have gotten into the slot and become pinched. This being so, there was ample justification for the giving of such an instruction presenting to the jury directly the theory upon which plaintiff in error was trying the case. In our judgment it was reversible error to refuse to give this instruction or some other instruction properly presenting plaintiff in error's theory of its defense on this point.

It is also argued by counsel for plaintiff in error that there was an occurrence during the trial between the trial judge and counsel for defendant in error, in the presence of the jury, which was greatly prejudicial to plaintiff in error's case. As the judgment must be reversed and the cause remanded for another trial for the error in refusing to give said instruction, there is no reasonable ground for

supposing that a similar dispute will arise between counsel and the court on the second trial, so whether that occurrence was prejudicial or not to plaintiff in error need not be here discussed or decided.

The judgment of the Appellate Court will be reversed and the cause remanded to the trial court for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*