**Virginia Curtis, Appellee, v. Roy Kaderbek et al., Appellants.**
**Appeal of Roy Kaderbek, Appellant.**

**Gen. No. 42,445.**

472

Heard in the third division of this court for the first district at the October term, 1942. Opinion filed February 2, 1944.

WYATT JACOBS and WALTER A. CHRISTOPHER, both of Chicago, for appellant.

FRANCIS J. GARIEPY and CHARLES E. MALLON, both of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action for personal injuries and property damage against Kaderbek, Warren and Domm. A verdict was directed at the close of the evidence in Domm's favor, but verdict and judgment were against the others for $2,500 and Kaderbek appeals.

On May 31, 1936, plaintiff was driving south with two companions on Sheridan Road in "No Man's Land" between Wilmette and Kenilworth in Cook county, Illinois. As her car approached 10th avenue in the westernmost southbound traffic lane, Kaderbek's car being driven northeasterly in 10th avenue by Warren failed to stop at Sheridan Road, a "through" street, and collided with plaintiff's car. It appears that there is no dispute in this court concerning Warren's negligence or plaintiff's damage.

The vital issue is the question of agency between Kaderbek and Warren. In response to a pre-trial notice and in his answer Kaderbek denied the fact. At the close of plaintiff's case, Kaderbek moved for a directed verdict contending that no evidence fairly

tended to prove agency. The court improperly reserved ruling on the motion. (*Goldberg v. Capitol Freight Lines, Ltd.*, 314 Ill. App. 347), and Kaderbek should have insisted on a ruling; and he was entitled to have the motion tested by the evidence in the record at the time the motion was made. *Condon v. Schoenfeld*, 214 Ill. 226. There is no merit to plaintiff's contention that Kaderbek's point should not be considered because the motion made was not single as to Kaderbek, but joint as to him and Warren. Kaderbek's counsel in the trial court treated it as several, for he insisted that he would not offer evidence on Kaderbek's account, but had rested; and it would have been a simple matter to modify the motion were the court disposed to grant it. Although the trial court reserved ruling on the motion, we shall treat it as though denied since it was not granted and the court later denied Kaderbek's motion for judgment notwithstanding the verdict.

Kaderbek, manager of Domm's restaurant, called by plaintiff, admitted ownership of the automobile, and testified that the restaurant did not make deliveries or use an automobile in the business; that he had sent Warren to a store for syrup other than the one which his employer had instructed him to patronize; and that his employer knew nothing of the transaction. Warren corroborated this testimony, and added that he was hired as a porter and dishwasher. Domm testified that no car was used in the business and that he did not use Warren as a delivery boy. Plaintiff related a conversation with Kaderbek, following the accident, which infers that he said Warren was working for him. We do not consider contrary evidence on a motion of this kind and hold that the trial court properly denied the motion, since there is evidence which tends to prove agency.

The second point raised by Kaderbek is that the court erred in refusing to instruct the jury that it should consider as to Kaderbek only that evidence

which had been presented at the point in the trial when both plaintiff and Kaderbek rested. He cites the *Condon* case to support his position. The *Condon* case cannot be strained to the extent needed to accommodate the instruction. It is pertinent only as authority for the proposition that a court may not consider, in ruling upon a motion for a directed verdict at the close of plaintiff's case, any evidence thereafter introduced. His motion being denied, Kaderbek was still in the case and it is apparent from the record that Kaderbek's counsel so considered. The jury was entitled to consider all the evidence in the case in determining the factual issue of Kaderbek's liability.

Kaderbek also contends the court erred in refusing to instruct the jury that in order to recover against Kaderbek, it must find that Warren at the time of the accident was Kaderbek's servant or agent and that plaintiff had the burden of proving agency between Warren and Kaderbek by a preponderance of the evidence. Plaintiff argues that Warren was either Domm's agent or Kaderbek's and that since Domm had been dismissed out of the case, the issue of agency was no longer present. This argument seems to assume that somewhere in the case it had been decided as a matter of law that there was agency established between Kaderbek and Warren. It was decided as a matter of law at the close of all the evidence that no agency existed between Domm and Warren. No objection is made to the form or substance of the instructions offered by Kaderbek and he argues that as he was entitled to argue the question of agency to the jury even though he presented no evidence, he was entitled to have the jury instructed upon his theory of the case. We agree. Denial of the motion for the directed verdict decided that there was some evidence tending to prove the agency, but it did not have the effect of establishing the agency. That was the province of the jury. The jury need not have found

agency simply because the motion was denied and Kaderbek's counsel was entitled to argue to the jury that on the evidence before it, there was no agency shown, or he may have attacked the credibility of certain witnesses. Furthermore, since the court had decided that the matter was for the jury to determine, Kaderbek was entitled to have the jury instructed thereon. (*Thomas v. Chicago Embossing Co.*, 307 Ill. 134.)

Kaderbek further complains that the court committed prejudicial error in refusing to submit forms of "not guilty" verdicts as to Kaderbek and Warren, individually. He says that that action prevented him from securing a "not guilty" verdict, even though the jury may have believed Warren guilty of negligence, but not Kaderbek's agent. Plaintiff answers that to have submitted the separate forms of verdict would have invited error, since either they both were guilty or both not guilty. We believe the court erred in refusing to submit the forms of verdict tendered. Plaintiff's complaint was drawn so that verdicts against Warren or Kaderbek, individually, or both jointly could have been returned. By refusing to submit the forms tendered, the jury was invited to presume that agency between Kaderbek and Warren existed, especially since no instruction was given defining plaintiff's burden as to proof of the agency. The fact that Domm was dismissed out of the case had no effect upon plaintiff's burden of proving the agency between Warren and Kaderbek.

For the errors committed in refusing to instruct the jury upon Kaderbek's theory of defense and in refusing to submit a form of "not guilty" verdict as to Kaderbek, the judgment against Kaderbek must be reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

HEBEL, P. J., and BURKE, J., concur.