Alvin Gray, Plaintiff-Appellee, v. Terminal Railroad
Association of St. Louis, a Corporation, Defend-
ant-Appellant.

Gen. No. 62–O–20.

Fourth District.

October 11, 1962.

Costello, Wiechert, Roberts & Gundlach, of East St. Louis (Edward W. Stubbs, Jr. and Robert C. Ely, of counsel), for appellant.

Morris B. Chapman and George Filcoff, Jr., of Granite City, for appellee.

CULBERTSON, J.

This is an appeal from the Circuit Court of Madison County by Terminal Railroad Association of St. Louis, defendant, from a judgment on a verdict in the sum of $5,000 on behalf of plaintiff, Alvin Gray, for personal injuries sustained when plaintiff's automobile ran into an engine of defendant railroad which was then engaged in switching operations in Granite City, Illinois. It is the theory of defendant that the Circuit Court should have directed a verdict for defendant at the close of all the evidence, or entered judgment notwithstanding the verdict, for the reason that plaintiff was guilty of contributory negligence as a matter of law, and also that plaintiff had failed to prove defendant guilty of any negligence proximately causing the plaintiff's injuries.

The record in this cause discloses that there was a building only eighty feet from the crossing, and a cyclone fence seven feet above the road surface, extending to within seven feet of the tracks; that the night was cloudy and dark; and that the building obscured the track and with the fence, obscured the vision of the plaintiff and of the train crew members. The intersection was a major thoroughfare and highway in a city of 40,000 people and over 7,000 cars

per day passed over the crossing. No flagman was placed at the crossing, nor was there a flare lighted at the crossing. The foreman of the defendant railroad was inside the engine, and the front brakeman who had a lantern, was on the opposite side of the engine from plaintiff, so that his light was obscured by the engine and could not be seen by plaintiff. Plaintiff was going at a slow rate of speed, approximately fifteen miles per hour, and testified that he looked to the left and glanced to the right shortly before the crossing and at this point, six to eight feet back from the tracks when he observed the train he had just cleared the wire fence on his right which obscured his vision. There was a dispute as to whether the engine was lighted or whether a bell or whistle were sounded. The automobile of plaintiff was lighted, but the train engineer stated that although his view was unobscured, he did not see plaintiff's lighted automobile. The train could have been stopped within a space of six feet from the time the brakes were applied.

██ In considering questions relating to motions for directed verdict at the close of all the evidence, and for judgment notwithstanding the verdict, the Court must consider the evidence with all reasonable inferences arising therefrom in favor of plaintiff (Bales v. Pennsylvania R. Co., 347 Ill App 466, 107 NE2d 179; Gibson v. Nenne, 2 Ill App2d 158, 118 NE 2d 788). The question of contributory negligence on part of the plaintiff is a question of fact for the jury and only becomes a question of law when the evidence is so clear as to such fact that all reasonable minds would agree that there was contributory negligence (Thomas v. Buchanan, 357 Ill 270, 277, 192 NE 215).

██ The question as to whether the track at the intersection was extra-hazardous so as to require a watchman was also properly raised by the pleadings and was a question of fact for the jury (Bales v. Penn-

378

sylvania R. Co., supra). Courts of this State have established that where facts disclose that the intersection or crossing is obscured, the question of due care on part of a plaintiff and of negligence on part of defendant are ordinarily questions of fact for the jury and not matters of law for the Court (Humbert v. Lowden, 385 Ill 437, 53 NE2d 418). The duty of defendant to sound a signal and whether or not such signal was sounded by defendant railroad was also a question of fact for the jury.

█ Some emphasis is made by defendant in this Court on the fact that railroad crossings are dangerous places and that if plaintiff had looked in the direction from which the train was approaching, he could have and would have seen the approaching train. While this principle has been referred to in a number of cases where the view was unobscured and where the Courts have reiterated that the law would not tolerate the absurdity of allowing a person to look but still not see, under the particular facts in this case, as in Humbert v. Lowden, supra, there is no conclusion, as a matter of law, that plaintiff could be guilty of contributory negligence. The intersection was in fact obscured, and if we take all the evidence with all its intendments most favorable to plaintiff, it tends to prove and support the charges in the complaint and to sustain the verdict. Similarly, there is strong supporting evidence of negligence on part of defendant railroad company.

We must, therefore, conclude that the judgment of the Circuit Court of Madison County was proper and should be affirmed.

Affirmed.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.