**Felix LONGHINI, Plaintiff-Appellee,**

v.

**GULF, MOBILE AND OHIO RAILROAD COMPANY, Defendant-Appellant.**

**No. 14990.**

United States Court of Appeals Seventh Circuit.

July 9, 1965.

Rehearing Denied Aug. 6, 1965.

Edward J. Wendrow, R. Lawrence Storms, Chicago, Ill., Winston, Strawn, Smith & Patterson, Chicago, Ill., of counsel, for appellant.

Lawrence L. Kotin, Jerome H. Torshen, Chicago, Ill., for appellee.

Before CASTLE and KILEY, Circuit Judges, and MERCER, District Judge.

MERCER, District Judge.

This appeal arises in a suit for damages for personal injuries which plaintiff sustained in a collision of an automobile driven by him with defendant's train at a grade crossing. After a trial of the issues, a jury rendered a verdict for the plaintiff upon which judgment was entered. Defendant appeals, contending that, as a matter of law, the evidence shows that defendant was not negligent and that plaintiff was contributorily negligent in the premises. Defendant also contends that the court erred in giving and refusing tendered instructions.

On November 24, 1961, plaintiff was travelling in a southerly direction on Illinois Highway 17 near Blackstone, Illinois, in the vicinity of a grade crossing of defendant's railroad. At the same time defendant's train was travelling in a westerly direction approaching the crossing. Plaintiff was about 200 feet from the crossing when he first saw the train. He was unable to stop his vehicle and the vehicle collided with the rear portion of the engine of the train. Plaintiff was travelling at a speed of approximately 60 miles per hour as he approached the crossing and the train was travelling at a speed of approximately 30 miles per hour before emergency braking procedures were inaugurated.

The crossing was in open farm country and the tracks intersected the highway at approximately a right angle. The crossing was marked with a warning sign some distance from the crossing and by the commonly used cross buck crossing marker.

Plaintiff was familiar with the highway. He testified that he became aware that he was approaching a crossing when he was some 500 feet away, but that the cross buck facing his lane of travel blended in with some trees to the South of the crossing and was thus obscured. He looked to his left, East, at that point, and saw nothing but a field of corn. A field of standing corn was to plaintiff's left and to the North of defendant's tracks. When he was about 200 feet from the crossing, plaintiff again looked to his left and then saw something moving above the corn. That movement he recognized as a train. He immediately braked his car but was unable to stop.

Defendant's fireman, called as an adverse witness, testified that the highway could not be seen because of the field of corn from a point near Blackstone to a point about 150 feet from the crossing. He further testified that this "blind spot", as he characterized it, existed for only a few weeks when the corn was in the stage then existing. On the day of this occurrence, he was seated on the North side of the engine cab. When the engine emerged from that blind spot, the fireman first saw the plaintiff's car. He immediately shouted to the engineer to throw the train into emergency. That was done, and the train came to a stop about one-quarter mile past the crossing and after the collision.

There was testimony that the train's whistle was sounded, although plaintiff testified that his car windows were closed and that he did not hear a whistle or bell.

■ We think the issues of defendant's negligence and plaintiff's freedom from contributory negligence in the premises were close questions, but upon this record the issues were properly submitted to the jury. Where the evidence discloses that a railroad crossing is obscured to any considerable extent, both the issues of negligence and contributory negligence are questions of fact for the jury. Gray v. Terminal R. Ass'n of St. Louis, 37 Ill.App.2d 376, 379, 185 N.E.2d 700. Cf., Pennsylvania R. Co. v. Moffitt, 7 Cir., 1 F.2d 276; Bales v. Pennsylvania R. Co., 347 Ill.App. 466, 107 N.E.2d 179; Bartholf v. Wabash, C. & W. R. Co., 165 Ill.App. 481. We cannot say as a matter of law that the jury could not find defendant negligent upon this record and plaintiff free from negligence.

■ Our review of the charge given to the jury convinces us that the jury was properly and adequately instructed.

In brief summary, the jury was told that plaintiff had the burden of proving that defendant was negligent in one or more specified particulars, that plaintiff was free from contributory negligence and that plaintiff's injuries proximately resulted from defendant's negligence, and, further, that a verdict should be for defendant if plaintiff had failed to prove any of those essential facts; that a railroad crossing is a place of danger and that it was the duty of plaintiff to yield the right of way at the crossing if he knew or in the exercise of ordinary care should have known that a train was approaching the crossing in such proximity thereto that a collision was likely to occur; that defendant denied its negligence and denied that plaintiff was in the exercise of ordinary care; that if the jury found that a whistle was not sounded as required by statute the jury should consider that fact, with all other evidence, in determining whether defendant was negligent; that plaintiff claimed that the crossing in issue was extra-hazardous; and that the speed of the operation of a train approaching a crossing must be consistent with the requirements of ordinary care. The instructions also defined negligence, contributory negligence, burden of proof, ordinary care and an extra-hazardous crossing.

■ In the light of those given instructions, it was not error to refuse defendant's instructions that plaintiff could not recover if the jury found that his rate of speed in approaching the crossing was negligence, that plaintiff's negative testimony that he did not hear a whistle, could not outweigh positive testimony that the whistle was blown and that defendant had no duty to maintain a watchman or gates at the crossing unless it was proved by a preponderance of the evidence that the crossing was extra-hazardous. Each of those areas was adequately covered by the instructions given to advise the jury of defendant's theory of the case. This situation is thus distinguishable from that in Thomas v. Chicago Embossing Co., 307 Ill. 134, 141, 138 N.E. 285, and similar Illinois cases.

We have carefully considered the issues and defendant's argument for reversal. Finding the record substantially free from error and adequate to take the case to the jury, we affirm the judgment.

Judgment affirmed.