ALLEN EATON, Plaintiff-Appellant, v. BALTIMORE AND OHIO RAIL-ROAD COMPANY, Defendant-Appellee.

Fourth District   No. 4—89—0947

Opinion filed June 7, 1990.

Warrren E. Danz, P.C., of Peoria (Richard G. Leiser, of counsel), for appellant.

Frederic L. Kenney, of Decatur, for appellee.

JUSTICE LUND delivered the opinion of the court:

Plaintiff sued defendant railroad company, alleging wilful and wanton acts of negligence. Plaintiff appeals the decision of the trial court granting defendant's motion to dismiss pursuant to section 2—615 of the

Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). The issue in this case is whether the complaint sufficiently states a cause of action against the defendant so as to survive a motion to dismiss under section 2—615 of the Code. We hold it does, and we reverse.

On March 14, 1986, plaintiff Allen Eaton filed a complaint alleging negligence against the defendant, Baltimore & Ohio Railroad Company (Railroad). The complaint alleged the Railroad owed a duty of ordinary care to the plaintiff; and that it failed to (1) warn plaintiff of the trains in the area, (2) provide a safe walkway, (3) keep proper lookout, (4) provide audible warning of oncoming trains, (5) reduce speed, and (6) provide clear and proper signs as to the location of the tracks and train. It is further alleged that, as a proximate result of these failures of duty, the train hit plaintiff, causing him to sustain various injuries. Defendant filed a motion to dismiss or strike, specifically contending there was no legal duty for the Railroad to warn plaintiff of the train, provide a safe walkway, or provide clear or proper signs. The motion to dismiss was granted, and plaintiff was given leave to file an amended complaint. His first-amended complaint, not in the record on appeal, was also dismissed, with leave to file a second-amended complaint.

The second-amended complaint alleges plaintiff was employed by A.E. Staley Manufacturing Company (Company); the Railroad operated a switching area located within the Company grounds; the plaintiff and hundreds of other employees of the Company customarily traversed to and from work across this switching area at the time of the injury in question; and defendant routinely permitted and never prohibited such action, and knew of the practice. The plaintiff then realleged the breach of duties alleged in the first complaint.

On March 27, 1989, the court dismissed the second-amended complaint with leave to amend. The court held this complaint failed to allege facts sufficient to support a finding of wilful and wanton misconduct, and the complaint was therefore insufficient at law. Plaintiff's third-amended complaint alleged the same facts but also alleged plaintiff wilfully and wantonly breached the duties alleged in the prior pleadings. The trial court again granted the defendant's motion to dismiss with leave to amend. The fourth-amended complaint alleged violation of the same duties as before, but in such a way that plaintiff alleged the defendant was careless and exhibited a reckless disregard for the safety of the plaintiff. The plaintiff additionally alleged defendant's failure to provide a flagman. The trial court granted defendant's section 2—615 motion to dismiss, in that plaintiff's complaint failed to allege facts to support a finding of wilful and wanton conduct on the part of defendant, thereby making the complaint substantially insufficient at law.

■ The plaintiff contends his complaint alleges legally sufficient facts and duties so that it should not have been dismissed on the pleadings. "Motions to dismiss under section 2—615 of the [Code] [citation] admit all well-pleaded facts and attack only the legal sufficiency of a complaint. *** '[No] cause of action should be dismissed on the pleadings unless it clearly appears that no set of facts can be proved to sustain it.' *Golden Rule Life Insurance Co. v. Mathias* (1980), 86 Ill. App. 3d 323, 332, 408 N.E.2d 310, 317." *First National Bank v. Brumleve & Dabbs* (1989), 183 Ill. App. 3d 987, 992, 539 N.E.2d 877, 880.

■ Plaintiff and defendant both acknowledge this cause of action arose prior to the effective date of the Premises Liability Act, which abolished the common law distinction between invitees and licensees (Ill. Rev. Stat. 1987, ch. 80, par. 302), and should not be applied retroactively. (*Zimring v. Wendrow* (1985), 137 Ill. App. 3d 847, 851, 485 N.E.2d 478, 481.) Plaintiff argues since both he and the Railroad "conducted business with" the Company, he should be designated as an invitee for the purpose of determining the degree of care owed to him by the Railroad. There is no dispute plaintiff was crossing the tracks to go to work, not to do business with the defendant. Since the plaintiff has invitee status only in regard to the Company and the Company is not a party to this suit, the status of the plaintiff to the Company is irrelevant to this case. Plaintiff has no invitee status, and this portion of the plaintiff's argument has no merit.

> "A railway company owes no duty to a person walking along its tracks without its invitation, either expressed or implied, except to refrain from wantonly or willfully injuring him, and to use reasonable care to avoid injury to him after he is discovered to be in peril; and it makes no difference in that respect whether he is a trespasser, [or] a mere licensee ***." (*Illinois Central R.R. Co. v. Eicher* (1903), 202 Ill. 556, 560, 67 N.E. 376, 378.)

Habitual acquiescence in a trespass may well constitute a license if the tolerance is pronounced enough to be tantamount to permission; yet even in such a case, the plaintiff will not be able to recover by showing mere negligence, but only by showing wilful and wanton conduct. (*Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 87, 343 N.E.2d 261, 265.) Having determined plaintiff was not an invitee, we therefore need not determine whether he was a trespasser or licensee for purposes of this opinion.

■ The Illinois Supreme Court has held:

> " '[T]he law casts no duty upon a railroad company to keep a lookout for trespassers on its track in the open country, remote from public crossings, cities and towns. *** Exceptions to this

general rule are (1) places where the railroad company has permitted the public to travel along or over its track for a considerable period of time and a considerable number of people have availed themselves of such use, and (2) where the railroad runs through populous portions of a city, where people frequently go upon or pass over the track with knowledge of the company or for such a length of time that the company is chargeable with knowledge.' " (*Shine v. Wabash R.R. Co.* (1956), 8 Ill. App. 2d 521, 532-33, 132 N.E.2d 41, 46, quoting *Joy v. Chicago, Burlington & Quincy R.R. Co.* (1914), 263 Ill. 465, 468, 105 N.E. 330, 331.)

In *Shine,* the plaintiff was struck by defendant when he was 22 months old, as he crawled over the tracks, and the railroad employees initially mistook him for a small dog. (*Shine,* 8 Ill. App. 2d at 530, 132 N.E.2d at 45.) There was evidence a large number of people crossed a beaten path daily at a point between two streets with the knowledge of the defendant, the same pathway the plaintiff was crossing when he was hit. (*Shine,* 8 Ill. App. 2d at 528-29, 132 N.E.2d at 44-45.) The *Shine* court held that where the railroad has permitted the public to travel over its tracks for a considerable time and a number of people had used such path, the railroad company must keep a lookout for persons on its track, and whether the railroad fulfilled this duty is properly a question for the jury. *Shine,* 8 Ill. App. 2d at 534, 132 N.E.2d at 47.

In *Barry v. Elgin, Joliet & Eastern Ry. Co.* (1971), 132 Ill. App. 2d 371, 270 N.E.2d 152, the plaintiff was killed by defendant railway while working for United States Steel in a switching area located within the plant area but operated by defendant railway company. The *Barry* court held:

"[A]s a matter of law the defendant Railway owed a duty of ordinary care to prevent injury to persons working in the vicinity of its switch-track who might foreseeably be injured by movement of the cars propelled by the Railway engine even though that switch-track was actually operated within premises owned by another corporation." *Barry,* 132 Ill. App. 2d at 378, 270 N.E.2d at 157.

Here, plaintiff does not allege he was working in the switching area at the time of the accident, or that a duty of ordinary care was owed to him by defendant. By way of analogy, however, the holding in *Barry* suggests that when an employee is injured by a train operating within his work area, the railroad owes at least a duty to refrain from wilful and wanton negligence toward those the railroad could reasonably foresee might be injured in the vicinity of the switch track, including

those who, with the railroad's knowledge, cross the switch track on their way from the work area. The *Barry* court found defendant railroad did owe a duty of care, but denied plaintiff's recovery because plaintiff was found contributorily negligent. Since Illinois is no longer a contributory negligence State, this does not bar plaintiff's suit.

■ As discussed previously, the court dismissed the fourth-amended complaint because it failed to allege facts to support a finding of wilful and wanton conduct. Yet in *Shine*, the plaintiff alleged a careless driving of the train, failure to give warning signals, operation of the train at a high rate of speed, failure to stop or slow the train, and permitting the right-of-way to be covered with tall weeds, later amending the complaint to allege the injury was wilfully and wantonly inflicted. Such allegations were held to allege a legal duty so as to support a cause of negligence and survive a motion to dismiss. *Shine*, 8 Ill. App. 2d at 523-24, 132 N.E.2d at 42.

In *Barry*, the allegation of the failure to maintain a lookout, give adequate warning, and use adequate systems of control for moving cars was held to support a negligence cause of action. (*Barry*, 132 Ill. App. 2d at 373, 270 N.E.2d at 153.) Whether a crossing required a watchman, or whether a railroad had a duty to sound and did in fact sound a signal have been held to present questions of fact for the jury, not law. (*Gray v. Terminal R.R. Association* (1962), 37 Ill. App. 2d 376, 378-79, 185 N.E.2d 700, 702.) While one who approaches a train has the duty to look and listen (*Holt v. Illinois Central R.R. Co.* (1943), 318 Ill. App. 436, 444, 48 N.E.2d 446, 450), this goes to the question of comparative negligence and damages, and does not bar plaintiff's cause of action.

■ Further, in deciding whether an act is wilful and wanton under such circumstances involved in this case:

> "Ill will is not a necessary element of a wanton act, *** it is not essential that actual knowledge of the presence of specific persons or property is shown in fixing liability. It is only the knowledge of the probability of the presence of persons who might be injured, which becomes pertinent to characterize the act [citation]." (*McDaniels v. Terminal R.R. Association* (1939), 302 Ill. App. 332, 346, 23 N.E.2d 785, 791.)

(See also *Spence v. Commonwealth Edison Co.* (1975), 34 Ill. App. 3d 1059, 1067, 340 N.E.2d 550, 556.) The defendant argues *McDaniels* is distinguishable on its facts. Yet, *McDaniels* stands for a larger principle which goes beyond its narrow set of facts. In *McDaniels,* where a timber was thrown from a viaduct onto a pathway below, it was not necessary that the plaintiff allege ill will or knowledge that the specific plaintiff was going to be on the pathway at the time the employee threw the

plank. Rather, plaintiff had only to allege a reckless disregard for human life and safety, and knowledge of the possibility that people, including the plaintiff, traveled the path. (*McDaniels*, 302 Ill. App. at 346, 23 N.E.2d at 791.) Similarly, acts and omissions amounting to reckless disregard were alleged in this plaintiff's fourth-amended complaint, which also stated this area was used by many people with the knowledge of the railroad company.

The defendant additionally relies on two cases it contends demonstrate it was under no legal duty alleged in the plaintiff's complaint. In *Pearce v. Illinois Central Gulf R.R. Co.* (1980), 89 Ill. App. 3d 22, 411 N.E.2d 102, the plaintiff was injured when his pickup truck collided with the defendant railroad. In *Seipp v. Chicago Transit Authority* (1973), 12 Ill. App. 3d 852, 299 N.E.2d 330, a passenger took a shortcut over a well-traveled dirt path and fell due to ruts in the path. Both cases are distinguishable on their facts and both appeals were from a directed verdict for defendants at the close of the plaintiff's evidence. In *Seipp*, the accident involved a person who fell on the premises of the railroad, not a person who was hit by the train. (*Seipp*, 12 Ill. App. 3d at 855, 299 N.E.2d at 332.) Therefore, the *Seipp* case involves a duty to maintain the premises, not duties to provide lookouts, give warning signals, or other duties alleged by the plaintiff here. In *Pearce*, the incident involved a privately maintained crossing on a private road. The *Pearce* court held "[t]he issue of whether the road was public or private is of central importance to the outcome of the case since, *** the defendant railroad is under no legal duty, *** to guard or maintain a crossing for a private road." (*Pearce*, 89 Ill. App. 3d at 29, 411 N.E.2d at 106.) Since this case does not involve a slip and fall, or a privately maintained crossing or road, neither of these cases controls our decision.

■ We find plaintiff's fourth-amended complaint sufficiently alleges a viable cause of action and breach of duties by the defendant sounding in wilful and wanton negligence, and conclude the trial court erred in dismissing this pleading under section 2—615 of the Code. This court, therefore, reverses and remands.

Reversed and remanded.

KNECHT, P.J., and GREEN, J., concur.